112 So.2d 69 (1959)
Lynn Emory ROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 58-670.
District Court of Appeal of Florida. Third District.
May 14, 1959.
Rehearing Denied June 4, 1959.
Frank T. Imand, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and Irving B. Levenson, Asst. Atty. Gen., for appellee.
CARROLL, CHAS., Chief Judge.
Appellant was informed against and charged with the prescribed crime of assault in a lewd and lascivious manner on a girl under 14 years of age.[1] The offense, covered by § 800.04, Fla. Stat., F.S.A.,[2] is included as an offense under the later enacted *70 Child Molester Act, chapter 801, Fla. Stat., F.S.A.[3]
Appellant was tried in the Criminal Court of Record of Dade County, without a jury, adjudged guilty and sentenced to be confined for the period of one year in the county jail. This appeal followed.
Counsel for appellant argued two points: first, that the evidence was insufficient to support the conviction, and second, that the court was in error in allowing the state to produce evidence of similar conduct toward another young girl on an earlier occasion.
On reviewing the evidence it is found to be sufficient to support the judgment. We refrain from needless recitation of the facts of this case, which concerned the 56 year old appellant and an 11 year old girl.
We hold against the contentions of appellant regarding the testimony of the other girl who at the time or times involved was 10 or 11 years old. Testimony of the latter to the effect that appellant had fondled her in a lewd and lascivious manner was presented by the state to show the character of the deed as to motive, intent and absence of mistake, for which it was relevant and admissible, under Talley v. State, 160 Fla. 593, 36 So.2d 201; and Williams v. State, Fla. 1959, 110 So.2d 654.
As authorized under rule 6.16, Florida Appellate Rules, 31 F.S.A., we hold on the authority of Buchanan v. State, Fla. App. 1959, 111 So.2d 51, that the sentence of confinement in the county jail was not a lawful sentence. The provision for sentence as contained in § 800.04, Fla. Stat., F.S.A., which authorized imprisonment in the state prison, or in the county jail, is superseded by the penalty provisions for such crime as provided for in the later enacted Child Molester Act (ch. 26843, Laws of Florida, 1951, as amended, now appearing as ch. 801, Fla. Stat., F.S.A.), under which, if imprisonment is ordered, it is directed to be served in the state prison at Raiford (§ 801.03(1) (a)). See Buchanan v. State, supra.
Accordingly, the judgment appealed from is affirmed; but the cause is remanded with directions that the sentence be revised to conform to the provisions therefor as set out in § 801.03, Fla. Stat., F.S.A.[4]
Affirmed; and remanded with direction for resentencing.
HORTON and PEARSON, JJ., concur.

On Petition for Rehearing.
PER CURIAM.
In a petition for rehearing the appellant suggests that this court failed to consider the time element involved, in holding that evidence of a similar act was relevant and admissible. Appellant contends the record shows that such prior act was some two years before the offense charged in this case, which took place in May of 1958.
The point thus suggested by appellant was not overlooked. Our holding that the evidence of the prior act or offense was relevant included a determination of essential temporal propinquity. While the record *71 may permit conclusion that the earlier occasion of fondling the other girl was as much as two years before the date of the offense involved here, counsel for the defendant on cross examining the girl established that the defendant engaged in such conduct with her on a continuing series of occasions, the last of which was said by her to have taken place as late as November of 1957, approximately six months prior to the offense charged here.
We adhere to our conclusion that the evidence in question met the test of relevancy giving it admissibility under the decisions cited.
The petition for rehearing is denied.
CARROLL, CHAS., C.J., and HORTON and PEARSON, JJ., concur.
NOTES
[1] The information charged that appellant, at a stated time and place "did unlawfully and feloniously handle, fondle and make an assault upon ____, a female child under the age of fourteen years, in a lewd, lascivious and indecent manner, to-wit: by placing his hands upon the breasts of her, the said ____, without the intent of the said defendant to commit rape upon the said ____, * * *"
[2] "Any person who shall handle, fondle or make an assault upon any male or female child under the age of fourteen years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without intent to commit rape where such child is female, shall be deemed guilty of a felony and punished by imprisonment in the state prison or county jail for not more than ten years."
[3] "801.02 Definitions

"An offense under the provisions of this chapter shall include attempted rape, sodomy, attempted sodomy, crimes against nature, attempted crimes against nature, lewd and lascivious behavior, incest and attempted incest, assault (when a sexual act is completed or attempted) and assault and battery (when a sexual act is completed or attempted), when said acts are committed against, to, or with a person fourteen years of age or under." Laws 1951, c. 26843, § 2, as amended Laws 1953, c. 28158, § 1; Laws 1955, c. 29923, § 1; Laws 1957, Ex.Sess., c. 57-1990, § 1.
[4] There is no question here of making provision in the new sentence for time already served under the existing sentence, because it appears that the appellant has not been confined but has been at liberty on bail pending this appeal.