ALLEN, Acting Chief Judge.
The appellant appeals from an order entered the 10th day of September, 1964, denying his motion under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
*2 In his order denying the motion, the judge stated:
“This cause came on to be heard on defendant’s Motion filed pursuant to Criminal Procedure, Rule No. 1; and it appears from the said Motion and from the records of this Court, that the said defendant had counsel, Robert E. Jagger, Public Defender, at every essential stage of the proceedings against him; and it affirmatively appears otherwise that the defendant is entitled to no relief under Criminal Procedure, Rule No. 1; * * * ”
The record-on-appeal shows that two Informations were filed on the 29th day of June, 1962, against the defendant, one charging the defendant-appellant with the crime of robbery and one charging him with larceny of an automobile. The record further shows that on the Sth day of July, 1962, the defendant, John Patrick Gillen, with counsel, Robert E. Jagger, Public Defender, was arraigned on the Informations, waived the reading of the Informations, and entered a plea of guilty to the charges contained therein; that the court, after inquiring of the defendant if there were any inducements, promises of leniency or promise of probation or any other inducement offered him to influence his plea, replied that there was not and that his plea was voluntary and freely given and that he was guilty as charged. After the defendant’s plea of guilty, the court sentenced him to a term of six months to ten years on the robbery charge, and to a term of six months to five years on the larceny of an automobile charge, the latter sentence to run concurrently with the other sentence.
Some two years thereafter the defendant, on the 10th day of July, 1964, moved to vacate judgment and sentence. In his motion, Paragraph III, the petitioner alleged that on July 5, 1962, he was brought in court, appointed an attorney, and entered a plea of guilty.
On this appeal the defendant is represented by the Public Defender, as the record shows he was at the time of his arraignment. In his brief, page 4, the defendant alleged:
“Factual issues are raised in Appellant’s Motion to Vacate and Set Aside Judgment and. Sentence which could not have been resolved solely by reference to the Records and Documents on file in these causes. Appellant alleged in said Motion, inter alia, that he was:
“ 'brought in Court, appointed an attorney, and entered a plea of guilty. At that time he was found guilty and sentenced * * * ’
presumably in that order. (R-6)
“Further, the Record is silent with respect to whether or not Appellant was represented by Counsel at all at the time he was adjudged guilty and sentenced in these causes.
“In any event, if Appellant’s allegations and his chronology be true, he was deprived of effective assistance of counsel at an extremely critical juncture of the proceedings against him. Thus, he is entitled to the relief prayed in his Motion.”
Since appellant’s Motion shows that he was represented by counsel at the time of his arraignment, that the plea of guilty was entered at the time of his arraignment and also the sentence, we conclude that in the absence of an affirmative statement that he was not represented by counsel at other critical periods on the day in question, that the court did not need to have a hearing on this question.
In addition to the above, the defendant did not allege in his Motion that he was indigent so, if he was not represented by counsel, he could not raise this question on Rule 1. Since there were no material issues of fact, we do not find that the lower court erred in denying the motion without having a hearing thereon.
*3 The defendant requested oral argument in this case but, pursuant to Rule 3.10, subd. e, Florida Appellate Rules, 31 F.S.A., we do not believe that any good purpose would be served by oral argument. Therefore, we are deciding this case on the briefs submitted by the defendant and the State.
Affirmed.
SHANNON and WHITE, JJ., concur.