ALLEN, Chief Judge.
Leroy Brown Baker has filed an appeal, upon conviction, from two sentences imposed upon a two count information.
Baker pleaded guilty with counsel to the information which charged him with committing on the same day (1) a lewd and lascivious act in the presence of a female child under the age of fourteen years, and (2) handling and fondling a female child under the age of fourteen years.
The court sentenced Baker to serve 6 months to 15 years, under the child molester law, on the first count and 6 months to 10 years on the second count. The sentences run concurrently.
During the proceedings for reconsideration of sentence, the court, with reference to sentence on both counts, stated:
“I think that six months to 15 years under that child molester law is a valid sentence. I think the court also held, *688 and I don’t have the citation at hand, that on a second count, sentence may be entered either (sic) though the sentence * * * even though the act charged in Count Two is the same act in Count One under a different name. And as long as the sentences are concurrent the question is moot, since it constitutes in effect really only one sentence.”
Section 800.04, Florida Statutes, F.S.A., the basis for the criminality charged in both counts, states:
“Lewd, lascivious or indecent assault or act upon or in presence of child. — Any person who shall handle, fondle or make an assault upon any male or female child under the age of fourteen years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without intent to commit rape where such child is female, shall be deemed guilty of a felony and punished by imprisonment in the state prison or county jail for not more than ten years.”
Chapter 801, the Child Molester Law, also brings lewd and lascivious acts within its provisions and Section 801.03 of the law empowers a judge, within his discretion, to sentence a defendant convicted of any of the acts included in Section 801.02 (as well as lewd and lascivious acts) to a maximum of twenty-five years.
Thus, Section 800.04, as well as the Child Molester Law, prohibits the offenses defined in Section 800.04 yet each statute provides a different penalty therefor.
Ross v. State, Fla.App.1959, 112 So.2d 69, dealt with the problem of different penalties and held that the penalty provision of Section 801.02 supersedes the conflicting provisions for penalty in Section 800.04.
Turning to the propriety of sentencing on both counts, we must adhere to the authority pf Buchanan v. State, Fla.App.1959, 111 So.2d 51. In Buchanan, the petitioner received, under the Child Molester Law, two consecutive twenty year sentences imposed upon two counts of an information similar to the information here. The court upheld the constitutionality of the Child Molester Law and remanded the case to the trial judge to determine whether the acts charged constituted part of the same transaction. If only one transaction occurred then petitioner could receive only one sentence.
Here the trial court has already determined that the two counts, in effect, only charged one criminal act and therefore, by our discussion, only one sentence is valid.
Since only one act is charged and the penalty provisions of the Child Molester Law supersede the penalty in Section 800.04, the six months to ten year sentence has no validity while the six months to fifteen year sentence imposed upon the first count stands uncorrected.
Reversed in part, affirmed in part.
SHANNON and PIERCE, JJ., concur.