PIERCE, Judge.
This is an appeal from an order denying post-conviction relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
Appellant Leroy Brown Baker was informed against in the Pinellas County Circuit Court in two counts, the first count charging commission of a lewd and lascivious act in the presence of a young girl below fourteen years, and the second count charging the handling and fondling of the same child in a lewd, lascivious and indecent manner. Each count alleged a specific act in furtherance of the charge but disclaimed any attempt to rape.
With advice of counsel, Baker entered plea of guilty to each count. The Court accepted such plea and thereafter sentenced him to serve from six months to fifteen years on the first count and to serve six months to ten years on the second count. Upon appeal, this Court held the two counts to charge only one criminal act and therefore “ * * * only one sentence is valid”. The sentence under the second count was thereupon vacated and the sentence under the first count or from six months to fifteen years imprisonment was affirmed. Baker v. State, Fla.App.1967, 194 So.2d 687.
The mandate from this Court was filed in the Circuit Court on February 24, 1967, and on August 7, 1967, Baker filed in said Court a Motion to Vacate the sentence under C.P.R. 1, as to the remaining first count. The gist of the motion is that the first count, to which he pleaded guilty, charged an offense under F.S. Sec. 800.04, F.S.A., but that instead of being sentenced under that section he was instead sentenced under F.S. Ch. 801, F.S.A., the Child Molester Law.
On August 11, 1967, the Circuit Judge, without hearing, denied the motion, holding that the Court in sentencing had the privilege of an alternative disposition of the case under either F.S. Sec. 800.04, F.S.A. or F.S. Sec. 801.03, F.S.A., the penalty section of the Child Molester Law. The Public Defender for said Court has appealed the latter order to this Court and contends here that Baker was denied due process of law because he pleaded guilty to a charge brought under one chapter of the statutes but was sentenced under another chapter. Such contention is untenable and we affirm.
F.S. Section 800.04, F.S.A. provides.
“Any person who shall handle, fondle or make an assault upon any * * * female child under the age of fourteen years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without intent to commit rape * * * shall be * * * punished by imprisonment in the state prison * * * for not more than ten years.”
Sections 801.02 and 801.03 are a part of F.S. Chapter 801, F.S.A., the Child Molester Law. Section 801.02 provides that:
“An offense under the provisions of this chapter shall include * * * lewd and lascivious behavior * * * when said acts are committed against, to, or with a person fourteen years of age or under.”
*443 Section 801.03 provides as follows:
“(1) When any person has been convicted of an offense within the meaning of this chapter it shall be within the power and discretion of the trial judge to:
(a) Sentence said person to a term of years not to exceed twenty-five years in the state prison at Raiford.
(b) Commit such person for treatment and rehabilitation to the Florida state hospital * * * ”, etc. (and then follow certain rehabilitation procedures not necessary to include here.)
“(2) When a person has been convicted of an offense within the meaning of this chapter and the trial judge shall determine to follow the procedure prescribed in subsection (1) (b), * * * ” etc. (and then follow additional rehabilitation procedures).
The above provision of Section 801.03(2) that “when * * * the trial Judge shall determine to follow the procedure prescribed in sub-section (1) (b) * * etc. conclusively shows that the trial Judge has the option and discretion to either sentence under subsection (a) a person convicted of a sex offense, or to commit such person under sub-section (b) for treatment and rehabilitation. The trial Judge here chose to sentence Baker to the state prison under sub-section (a), which he had a right to do and so stated in his order of August 11, 1967, appealed here.
We come now to the question of priority, or rather availability, as between Sec. 800.04 and Sec. 801.03, in the sentencing of a person so convicted. Section 800.04 was first enacted by the legislature as Chapter 21974, General Laws of 1943. The Child Molester Law, Chapter 801, was first enacted as Chapter 26843, General Laws of 1951, being later amended by Chapter 28158, General Laws of 1953, and being further amended by Chapter 29923, General Laws of 1955.
The 3rd District Court, in Ross v. State, Fla.App.1959, 112 So.2d 69, citing Buchanan v. State, Fla.App.1959, 111 So.2d 51, a 1st District Court case, held that the sentencing provision of § 800.04 had been “superseded by the penalty provisions for such crime as provided for in the later enacted Child Molester Act * * *, § 801.03(1) (a)”. And this is what we held in the former appeal of the instant case, even citing Ross and Buchanam,. So it has been judicially determined that the sentencing provision of Section 801.03 may be utilized in disposing of a conviction under Section 800.04, which procedure was followed by the lower Court in the case sub judice.
As a matter of fact, however, the point is academic. The offense charged in the first count here could as logically be construed as having been brought under Section 801.02, a portion of the Child Molester Law, as under Section 800.04. So construed, the charge and the sentence would have both been under the same Chapter 801. This would have disposed of Baker’s contention as to the different chapters involved, even if it were sound, which it was not.
The order of the able trial Judge appealed from is therefore
Affirmed.
LILES, C. J., and ALLEN, J., concur.