Everett George FRITZBERG, Petitioner-Appellant,

v.

STATE OF FLORIDA, Louie L. Wainwright, Director, Division of Corrections, Respondent-Appellee.

No. 27604

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 17, 1969.

918

Everett George Fritzberg, pro se.

Earl Faircloth, Atty. Gen., State of Florida, Tallahassee, Fla., Charles W. Musgrove, Asst. Atty. Gen., J. Terrell Williams, Asst. Atty. Gen., West Palm Beach, Fla., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I.

This appeal is taken from the order of the district court denying habeas corpus relief to a Florida state convict. We find no error in the conclusions and application of the law made by the district court, and therefore affirm for the reasons so well expressed by Judge Cabot in his written opinion appended hereto.

Affirmed.

## APPENDIX

### UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

No. 68–1147–Civ–TC

EVERETT GEORGE FRITZBERG

Petitioner,

versus

STATE OF FLORIDA, LOUIE L. WAINWRIGHT, DIRECTOR OF THE DIVISION OF CORRECTIONS THEREOF,

Respondent.

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This is a petition for writ of habeas corpus filed by Everett George Fritzberg. After return of the respondent and reply brief of petitioner's counsel, this Court pursuant to order of January 7, 1969, held oral argument on the issues presented by the petition.

Petitioner is presently incarcerated at the Avon Park Correctional Institution, Avon Park, Florida, under sentence from the Criminal Court of Record in and for

Palm Beach County, Florida. Petitioner's contentions in this petition have been presented to the Supreme Court of the State of Florida, and although this was done prior to a recent relevant Supreme Court decision, petitioner has nevertheless exhausted his state remedies.

Everett George Fritzberg was informed against on January 29, 1961, and it was charged that he did "unlawfully handle, fondle, and made an assault upon [prosecutrix], a female child under the age of 14 years, in a lewd, lascivious, and indecent manner without the intent to commit rape, to-wit: by placing his hand between her thighs and upon her external genital organs." After a jury trial upon his plea of not guilty petitioner was convicted, and after a short period of psychiatric treatment, was sentenced on April 10, 1962, to a term of six months to 24½ years. It is the maximum length of this sentence which brings this case before this Court.

Petitioner contends that he was charged and convicted under former Florida Statute § 800.04, F.S.A., which section provided a maximum sentence of ten years imprisonment. However, he was sentenced apparently under former Florida Statute § 801.03(1) (a), F.S.A. Thus petitioner argues that he was sentenced to a term in excess of the statutory maximum. His other point is that he was denied procedural due process by his being sentenced under former Florida Statute § 801.03(1) (a), F.S.A. without the right to confront the psychiatrist who prepared the pre-sentence report and without the right to put on witnesses of his own or to partake of any of the other rights attendant to a full blown hearing.

■ With reference to the question of sentencing in excess of the statutory maximum, this argument was put to rest by decisions of the Florida Courts of Appeal. Former Florida Statute § 800.04 was enacted in 1943, whereas former § 801.03(1) (a) was enacted in 1953. Thus it is obvious that the sentence previously provided in § 800.04 was superseded by the penalty provisions of the Child

Molester Act, former § 801.01, et seq. Baker v. State, 206 So.2d 441 (Fla.App. 2d Dist. 1968); Ross v. State, 112 So.2d 69 (Fla.App.3d Dist. 1959); Buchanan v. State, 111 So.2d 51 (Fla.App.1st Dist. 1951). Furthermore, it has been pointed out that the offense charged in the information "could as logically be construed as having been brought under Section 801.02, a portion of the Child Molester Law as under Section 800.04." Baker v. State, *supra* 206 So.2d at 443. Accordingly, the Court finds that petitioner's sentence was not in excess of the statutory maximum for the offense charged.

With reference to petitioner's argument that he was denied the right to a full blown hearing upon sentencing, both petitioner's counsel and counsel for respondent recognize that the question is in most respects governed by Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967). In that case appellant Specht had been convicted in Colorado for indecent liberties under a statute carrying a maximum sentence of ten years, but was sentenced under the Colorado Sex Offenders' Act for an indeterminate sentence of from one day to life. The Colorado Sex Offenders' Act was brought into play by (1) the defendant's conviction of a sex offense, and (2) a finding by the judge that that person "if at large, constitutes a threat of bodily harm to members of the public, or is an habitual offender and mentally ill." Specht was not given a full hearing with reference to the finding necessary under the Sex Offenders' Act. The Supreme Court reversed and held that under those circumstances Specht was entitled to a hearing.

■ Petitioner here likens his position to that of Specht. However, there is a major difference. Former § 801.03 (1) (a) provides that "(1) When any person has been convicted of an offense within the meaning of this chapter, it shall be within the power or jurisdiction of the trial judge to: (a) sentence said person to a term of years not to exceed twenty-five years in the state prison at

Raiford." The crime of which petitioner was convicted is an offense under the provisions of the Act referred to in subsection (1). Thus, the only prerequisite for the enhanced punishment is a conviction of an offense such as that of which petitioner was convicted. In addition, in the *Specht* case, the Court said:

> The Sex Offenders Act does not make the commission of a specified crime the basis for sentencing. It makes one conviction the basis for commencing another proceeding under another Act to determine whether a person constitutes a threat of bodily harm to the public, or is an habitual offender and mentally ill. That is a new finding of fact [citing case] that was not an ingredient of the offense charged. Specht v. Patterson, 386 U.S. at 608, 87 S.Ct. at 1211.

However, in the instant case, it was not necessary for there to be any further findings of fact, and unlike the Colorado Sex Offenders Act, the Florida Child Molester Law, § 801.03(1) (a) does make the commission of a specified crime the basis for sentencing. Accordingly, the Court concludes that the petitioner's case is not within the holding of Specht v. Patterson and he has not been denied any federally or constitutionally protected rights. Accordingly, it is

Ordered and adjudged that the petition of Everett George Fritzberg for writ of habeas corpus be and the same is hereby denied.

Done and ordered at Miami, Florida, this 13th day of February, 1969.

/s/ TED CABOT
UNITED STATES
DISTRICT JUDGE

Copies to:
Richard Barest
Assistant Attorney General
West Palm Beach, Florida