227 So.2d 217 (1969)
Hector SOLLOA, Appellant,
v.
The STATE of Florida, Appellee.
No. 69-142.
District Court of Appeal of Florida. Third District.
October 14, 1969.
Rehearing Denied November 7, 1969.
Ellis S. Rubin, Miami Beach, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and BARKDULL, JJ.
PER CURIAM.
Appellant was convicted of the crime of robbery, on a nonjury trial. The sentence imposed was five years' confinement in the state penitentiary, less 53 days jail time. He presents three contentions on this appeal. First, that the trial court erred in denying defendant's motion to strike the identification testimony given by Mrs. Karmel, the wife of the victim. Second, for inadequacy of the defendant's (employed) counsel at trial. Third, that the evidence was insufficient to sustain the conviction. On consideration thereof in the light of the record and briefs we conclude that no reversible error has been shown.
The evidence discloses that the alleged offense occurred at about 9:30 o'clock in the morning. The victim and his wife were proceeding from their residence to take some "wash" to a laundry. Mr. Karmel was carrying certain bundles of laundry to his automobile. His wife reentered the house to get her watch. During that interval, as Mr. Karmel was about to place the laundry in his car, another car pulled up beside him and stopped. According to the victim the passenger in that car called his attention to a gun which was lying on the seat beside him and then said, "Well, empty *218 out your wallet." When asked by the prosecutor, "When you saw the gun, what did you do?" Mr. Karmel testified, "I did what he told me, emptied my wallet. He said: `Put it on the seat.' I did, and just about that time my wife came out and she wanted to know what was going on, and I told her that they had a gun in the car and just keep away from that." The amount which the victim surrendered was $11. The victim's wife approached the car, and observed her husband hand over the money. As the car departed she made note of the Virginia license and of three digits of the license number. She called the police and gave them a description of the two men and the license data. They were arrested fifteen minutes later, and the $11 was found on the seat of their car. Mrs. Karmel testified that she saw the persons in the car, and she made a positive in-court identification of the appellant as having been the driver. She stated she had made a conscious effort to see who the people were in the car and to get the license number. When asked if she wasn't on the other side of the car (from the driver) and could not see his face, she answered, "My husband said that. I did not. I said I saw, because I got up on the sidewalk and I looked right in the car and saw him."
The appellant challenges the propriety of admission of Mrs. Karmel's identification testimony on the ground that she had identified the defendant in a police line-up when he did not have counsel present, and contending she had not had opportunity to observe the defendant at the time of the occurrence, so as to be able to identify him. The record refutes the latter contention. According to the evidence, Mrs. Karmel had an opportunity to witness a portion of the occurrence and to observe the appellant. There was no discrepancy in her initial description, and she at no time identified any other person as being the driver of the car. Also, there was no failure on her part to identify the appellant as such person on any prior occasion. It follows that any primary taint which may have emanated from the line-up identification was purged by the circumstances referred to above, coupled with Mrs. Karmel's positive in-court identification of the appellant as the driver. See United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. Moreover, from the brief reference to the matter of the line-up as contained in the record, there is no clear showing whether in fact counsel for the defendant in question was or was not present on that occasion. See Allen v. State, Fla.App. 1968, 219 So.2d 444.
The appellant's contention that he was inadequately represented by his employed attorney at the trial is without merit. The mishandling he claimed was with regard to matters falling within the judgment or trial strategy of counsel. See Williams v. Beto, 5 Cir.1965, 354 F.2d 698.
The contention that the evidence presented by the state was insufficient to establish a prima facie case or to support the conviction is wholly lacking in merit. Appellant argues that the allegation that the money was taken "by force, violence or putting in fear" was not proved. The basis of that argument is that at the trial Mr. Karmel testified he did not then recall whether or not he was in fear at the time of the occurrence. He did not testify he was not in fear, and the circumstances were such as to have made the victim aware of a threat of bodily injury or even death, with apparent capability for its accomplishment, if he did not hand over his money. The court found, and we agree, that was such as to constitute an assault and to put any reasonable man in fear. See 28 Fla.Jur., Robbery, § 14.
Affirmed.