SPECTOR, Judge.
Appellant seeks reversal of an order denying his motion to set aside judgment of conviction on charges of attempted escape which he filed under the provisions of Criminal Procedure Rule 1.850, 33 Florida Statutes Annotated. He was convicted upon the entry of a plea of guilty.
The principal ground relied upon by appellant for reversal is the contention that his guilty plea was psychologically coerced by the public defender’s action in advising appellant of the maximum sentence which could be imposed upon him if he pled not guilty and was found guilty. The maximum sentence permitted by law for the crime of attempted escape was ten years, and the sentence actually imposed upon guilty plea was only a sentence of six months to two years imprisonment.
We have examined the transcript of the proceedings at the time appellant entered his plea of guilty. It clearly appears that the trial judge prior to accepting appellant’s plea of guilty conducted a thorough examination to ascertain the voluntariness of appellant’s guilty plea and accepted it only upon being assured that the plea was freely and voluntarily given.
We hold that advising a defendant of the maximum penalty which may be imposed upon him upon conviction of the crime charged does not constitute coercion, either physical or psychological, so as to render a guilty plea which is otherwise freely and voluntarily given constitutionally infirm. See Hamilton v. State, 390 F.2d 872 (5th Cir. 1968); Hamilton v. State, 219 So.2d 43 (Fla.App. 1st 1969).
We think the following excerpt from Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857 (1945), cert. denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003, is dispositive of appellant’s contentions in the case at bar:
“* * * Everyone who is acquainted with the realities of practice knows the desire of some convicted persons to have their cases tried over again and their frequent repudiation of counsel after their hopes for acquittal or for lenient punishment have failed to materialize. It is easy for such a person to rationalize his own wishful thinking — together with hopeful comments of counsel — into a structure of promises, coercion and trickery; to assume incompetency and disinterest or worse, upon the part of counsel. But mere general assertions of incompetency or disinterest do not constitute a prima facie showing required by the statute to support a petition for habeas corpus. District attorneys and assigned counsel are officers of the court; licensed to practice, upon proof of character and fitness to perform professional duties. There is a presumption of proper performance of duty by each of them, which requires much more than the allegations of the present case to set the procedure of ha-beas corpus in motion.” (Emphasis supplied)
Accordingly, the order appealed herein is hereby affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.