PIERCE, Judge.
Appellant Willie Lee Johnson appeals to this Court from a summary order of the Hillsborough County Criminal Court of Record denying his post-conviction motion for relief under CrPR 1.850, 33 F.S.A.
Johnson was tried in said Criminal Court upon information charging assault to commit first degree murder. The jury on January 21, 1969, convicted him of aggravated assault, a lesser offense charged in the information. On the same day he was sentenced to serve five years in the State Prison. No direct appeal was taken to this Court from the judgment of conviction.
On May 8, 1969, he filed his motion to vacate the judgment and sentence pursuant to the post-conviction rule, and on June 2, 1969, the trial Judge denied it without evi-dentiary hearing. Johnson alleged in his petition four “grounds” for relief. We will dispose of these four grounds seriatim.
1. Johnson alleges that, from the time he was arrested on August 27, 1968, until his trial on January 21, 1969, he “was never taken before a magistrate”. This is not constitutionally necessary in the Florida State Courts, in the absence of an affirmative showing of prejudice resulting therefrom. Murray v. State, Fla.App., 172 So.2d 487; Lawson v. State, Fla.App.1968, 215 So.2d 790; Smith v. State, Fla.App.1965, 175 So.2d 243; Carey v. State, Fla.App.1965, 176 So.2d 603; Wallace v. State, Fla.App.1966, 184 So.2d 443; Blunt v. State, Fla.App.1967, 203 So.2d 49.
2. Johnson also alleges that he “was never informed of his rights nor the accusation against him until the day of his trial by jury”. This is refuted by the official files and records of the Court. The certified transcript of record contains the entry in Minute Book 120, at page 344, of the Court Clerk’s records which shows that on October 21, 1968, exactly three months before the trial, Johnson, together with his Court appointed counsel, Assistant Public Defender Judge Luckey, appeared in open Court, waived arraignment, entered a plea of not guilty “as charged in the information”, and made no objection when the case was set for trial for January 21, 1969.
3. Johnson also contends that he “was convicted of an offense for which he *475 was never indicted on” (sic). The information alleged that Johnson “did unlawfully and from a premeditated design to effect the death of one Sammy Lee Roberson make an assault on and upon the said Sammy Lee Roberson with a deadly weapon, to-wit: a pistol * * *” Under this accusatory pleading, aggravated assault — assault with a deadly weapon — is a lesser included offense under F.S. § 919.16 F.S.A. Brown v. State, Fla. 1968, 206 So.2d 377, text 383.
4. Lastly, Johnson contends that “he did not have adequate representation” by counsel at his trial. This contention is wholly without factual support in the petition, except for a vague indication that his counsel “never talked to petitioner until the day of his trial by jury”. No other facts or circumstances are alleged in the motion, and for all it appears it could be reasonably concluded that such failure to have conference between the accused and his counsel was not the fault of his counsel but the fault entirely of the accused. For instance, Johnson might have refused to talk to his lawyer, or he might have escaped custody until just before the trial, or he might in numerous other ways have been entirely uncooperative. But we do not have to ground our determination of the point upon such a narrow premise. The appellate Courts of Florida, in a uniform line of cases, have held that conferences, or lack of them, between attorney and client prior to trial were matters residing entirely in the judgment and discretion of counsel and the fact that no conferences are held at all prior to the date of trial is no ground for vacating the judgment under the post-conviction Rule. The Supreme Court of Florida held this in State v. Barton, Fla.1967, 194 So.2d 241, citing the uniform holding of the Federal Courts in cases brought under § 2255, Title 28, U. S.C.A., the counterpart of CrPR 1.850. The opinion in Barton has been uniformly followed by the District Courts of Appeal. Williams v. State, Fla.App.1968, 215 So.2d 617; Simpson v. State, Fla.App.1964, 164 So.2d 224; Wooten v. State, Fla.App.1964, 163 So.2d 305; Kirkland v. State, Fla.App.1964, 165 So.2d 774; Gillen v. State, Fla.App.1965, 172 So.2d 1; Sam v. State, Fla.App.1964, 167 So.2d 258.
The foregoing contentions having been determined adversely to appellant Johnson, the order appealed is accordingly
Affirmed.
HOBSON, C. J., and McNULTY, J., concur.