SPECTOR, Judge.
Appellant was found guilty by a jury of committing an armed robbery at the Highland Liquor Store in Duval County, Florida.
Following a telephone tip-off, the police staked out the scene of the robbery and observed appellant and his companion come out of the store, cut the wire in a nearby phone booth and get into a car parked nearby, stationed so as to effect their rapid departure. As the officers closed in, appellant and the other ran but were captured in the immediate vicinity. Appellant still had the sawed-off shotgun on him when apprehended.
The sole question raised on appeal is whether the trial court erred when the store manager and victim of the robbery was permitted to testify that he identified appellant in some photographs at the police *446 station on the night of the robbery. Although the victim testified that he recognized and was able to identify appellant as the robber independently of the photographs, and did in fact so identify appellant, it is contended that it was error to permit testimony as to the incident at the station the night of the robbery when appellant was identified in the photographs. Appellant’s argument in this point is without merit. In Tafero v. State, 223 So.2d 564 (Fla.App.1969), the court rejected a similar contention on authority of a recent Supreme Court decision, Simmons v. United States, 390 U.S. 377, at page 384, 88 S.Ct. 967, at page 971, 19 L.Ed.2d 1247 (1968), in which the court stated:
“Despite the hazards of initial identification by photographs, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method’s potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misiden-tification.”
Affirmed.
CARROLL, DONALD, K., Acting C. J., and WIGGINTON, J., concur.