OWEN, Judge.
Appellant seeks review of his conviction for the crime of sodomy and his sentence of ten years imprisonment in the state prison.
Appellant filed five assignments of error, the first four of which were addressed to the verdict. For such benefit as it may be to members of the bar engaged in appellate practice, we invite attention to the fact that assignments of error are properly used to designate identified judicial acts which should be stated as they occurred. Rule 3.5(c) F.A.R., 32 F.S.A.; Maloy, Florida Appellate Practice and Procedure, §§ 26.06 and 39.18.
Appellant’s first point is that the evidence was insufficient to prove the defendant’s guilt beyond and to the exclusion of all reasonable doubt. The record does not disclose that appellant filed a motion for new trial, which is a prerequisite to appellate review of the sufficiency of the evidence to sustain the conviction. State v. Wright, Fla.1969, 224 So.2d 300. Had appellant filed a timely motion for new trial, an assignment of error addressed to the order denying such motion would form the basis for presenting this point for appellate review. There is no such assignment of error in this case. Nevertheless, in order to give appellant full appellate review, we have reviewed the record including the transcript of trial testimony. We find therein competent substantial evidence to sustain the jury verdict and the judgment of guilty.
Appellant’s second point is that the sentence of ten years imprisonment is constitutionally infirm because it amounts to indefinite imprisonment contrary to Article I, Section 17, Florida Constitution, 1968, F.S.A., and the Thirteenth Amendment to the United States Constitution. This point is based upon the fifth assignment of error which assigns error to the court’s imposing this sentence. A colloquy occurred between court and appellant at the time of sentencing in which the court commented on the fact that appellant then had pending a four-year sentence for attempted robbery and a five-year sentence for breaking and entering with intent to commit grand larceny (neither of which was charged in the same information or consolidated informa-tions with the present conviction) after which the court stated to appellant:
“I herein sentence you to ten years at Raiford in the State of Florida to be served consecutive (sic) with the other pending sentences now against you.”
Appellant contends that he does not know when the present sentence is to commence because the “other pending sentences” are not specifically identified. In view of the express provisions of F.S. section 921.16, F.S.A., the statement by the court that such sentence be served consecutively *228 to the other sentences then pending against appellant is mere surplusage. Perkins v. Mayo, Fla.1957, 92 So.2d 641. Furthermore, the record discloses that the judgment and sentence as signed by the court in the court minutes simply provides for a term of ten years in the state prison without reference to the date of commencement. If in fact appellant does have remaining unserved time on prior sentences both he and the Director of the State Prison know of it and can determine when the sentence commences. The sentence for the conviction in this case will simply run consecutively to such prior sentences, the court not having expressly directed that the sentence in this case be served concurrently with any other sentence. F.S. § 921.16, F.S.A. This does not violate the constitutional prohibition of indefinite imprisonment.
Appellant’s third point (which is not raised by a proper assignment of error) is that the court erred in failing to use the proper procedure in the sentencing of appellant. The suggested shortcoming was the court’s alleged failure to ask the appellant whether he had any cause to show why sentence should not be imposed. Not only does the record affirmatively show that the court did in fact afford appellant the opportunity to state why sentence should not be imposed, but also that in response thereto appellant did make a number of statements none of which were legally sufficient under Rule 1.730 Cr.PR, 33 F.S.A. Even if appellant’s point was properly raised by assignment of error and factually supported by the record, it would not be fundamental error, Sands v. State, Fla.App.1967, 202 So.2d 141, and in the absence of some indication in the record that a proper cause did exist for the court not to pronounce sentence, it would not be reversible error.
The judgment and sentence are severally affirmed.
WALDEN and REED, JJ., concur.