PIERCE, Chief Judge.
Appellant Allan C. West appeals to this Court from an order entered by the Pinel-las County Circuit Court denying without evidentiary hearing his motion to vacate and set aside a judgment and sentence theretofore entered against him in said Court.
On March 5, 1969, information was filed charging defendant West with attempting to escape from the local County jail. On March 6, 1969, a day later, West appeared before the Court for arraignment upon said charge, whereupon he pleaded guilty, was adjudged guilty, and was sentenced to serve a term of imprisonment in the State Penitentiary.
On September 21, 1970, West filed in the trial Court his motion under CrPR 1.8S0, 33 F.S.A., to vacate and set aside such judgment and sentence, which motion on October 1, 1970, was denied by the trial Judge without evidentiary hearing. In his order of denial the able Judge reviewed the various contentions of West set up in his motion to vacate and disposed of them seriatim adversely to West.
We have examined the transcript of record brought here on this, appeal in the light of the trial Judge’s order and find the recital of facts stated therein to be amply supported by the record and the facts there disclosed. We also find ourselves in full accord with the Judge’s conclusions of law *780 and in his summary denial of West’s motion to vacate. We therefore affirm.
Inasmuch as the trial Judge’s order succinctly states the various issues and contentions of West in pursuance of his motion, we not only approve the same but herewith adopt the pertinent parts thereof and include them herein as part of this opinion, as follows:
“The Court has considered the twenty-six pages of the motion and its supporting allegations and concludes that defendant WEST is not entitled to the relief prayed for.
The prime thrust of the motion is that movant entered a plea of guilty in order to extricate himself from alleged harassment by a member of the Pinellas County jailhouse staff. The Court has a distinct recollection of taking the pleas in this case by virtue of the fact that mov-ant had previously been on trial on several armed robbery charges, for which he was convicted, and recalls Mr. West very well. The Court’s recollection, buttressed by the record, is that movant was examined by the Court as to the voluntary nature of his plea, and only after being fully satisfied that defendant knew precisely what he was doing and that he was acting freely and voluntarily was the plea accepted. In accepting the plea as being voluntary the Court was cognizant of the fact that movant is not a fuzzy neophyte experiencing his first encounter with the law, but to the contrary, has a long history of encounters with the law and is exceedingly wise and knowledgeable in the ways of prisons and courts.
The Court finds from the record that movant’s plea was freely and voluntarily made by him with the assistance of an extremely able and competent lawyer, i. e., JOHN DUFFY, who notwithstanding movant’s complaints represented Mr. West with great capability, dedication, and ability; wherefore, it is
ORDERED AND ADJUDGED that the motion aforementioned be and it is hereby overruled and DENIED.”
In accordance with the foregoing, the order of the Court below is—
Affirmed.
LILES, J., concurs.
MANN, J., dissents with opinion.