PER CURIAM.
The defendant was tried on 3 April 1970 in the Criminal Court of Record for Palm Beach County, Florida, under an informa *272 tion which charged that on 5 March 1969 he handled a male child under the age of fourteen years in a lewd, lascivious and indecent manner in violation of F.S.1969, section 800.04, F.S.A. A jury found the defendant guilty. Following the denial of a motion for new trial, the defendant was sentenced. He appeals from the adjudication and sentence.
Appellant’s third and fourth points on appeal basically question the legal sufficiency of the evidence. We have reviewed the evidence and, suffice it to say, conclude that it was legally insufficient to support the jury verdict and for that reason reverse the adjudication and sentence and remand the cause for a new trial.
Because the matter will be tried again, we believe that some discussion relative to issues raised by the appellant’s first point may be of assistance. Under Point I the appellant contends that the information was defective because it charged in one count a violation of two statutes, namely, F.S.1969, sections 800.04 and 801.041, F.S. A. (F.S.1969, section 801.041, F.S.A., is a part of F.S.1969, chapter 801, F.S.A., which is known as the Child Molester Act.) The information did not specifically refer to F.S.1969, section 801.041, F.S.A. It was captioned, however, “Information For Violation of Child Molester Law.” The substance of the information, and an express reference therein to section 800.04, show that the defendant was charged with a violation of F.S.1969, section 800.04, F.S.A. We conclude that the information was adequate to withstand a motion to dismiss even though the reference in the style or caption to the “Child Molester Law” was improper.
Also under Point I the appellant complains of extensive references in the jury instructions to F.S.1969, section 801.-041, F.S.A. We believe that it was error to include these references in the instructions, although standing alone, we do not believe that such was reversible error.
F.S.1969, section 800.04, F.S.A., reads, in part, as follows:
“Any person who shall handle, fondle or make an assault upon any male * * * child under the age of fourteen years in a lewd, lascivious or indecent manner * * * shall be deemed guilty of a felony. * * *”
F.S.1969, section 801.041, F.S.A., provides:
“An offense under the provisions of this chapter shall include attempted rape, sodomy, attempted sodomy, crimes against nature, attempted crimes against nature, lewd and lascivious behavior, incest, attempted incest, assault (when a sexual act is completed or attempted), and assault and battery (when a sexual act is completed or attempted), when such acts are committed against, to, with or in the presence of, a person fourteen (14) years of age or under.”
The latter statute does not create a criminal offense.
 F.S.1969, section 801.041, F.S.A., is an integral and essential part of F.S. 1969, chapter 801, F.S.A., and must be construed by reference to the entire chapter. State v. Hayles, Fla.1970, 240 So.2d 1. F. S.1969 chapter 801, F.S.A., when examined as a whole, indicates that it was the intention of the legislature to provide by this chapter flexible penal and rehabilitative measures for dealing with child molesters. F.S.1969, section 801.041, F.S.A., is simply a definitional provision for the purpose of identifying those persons who shall be treated under the operative provisions of the chapter. Manifestly such a definitional provision cannot create an offense. Compare Fine v. Moran, 1917, 74 Fla. 417, 77 So. 533, 535. As further support for our conclusion, reference may be had to the title of the enactment which initially created F.S. chapter 801, F.S.A., and the title of the subsequent amending acts. These titles in nowise suggest that it was the intention of the legislature to create a criminal offense. See Chapter 26843, Laws of Flori *273 da, 1951; Chapter 28158, Laws of Florida, 1953; Chapter 29923, Laws of Florida, 1955; and Chapter 57-1990, Laws of Florida, 1957.
There is some dicta in other cases which suggest a contrary conclusion, hut we believe that those cases do not really squarely decide the issue. See for example, Baker v. State, Fla.App.1967, 194 So.2d 687, wherein the Second District states that the Child Molester Law and F.S. section 800.04, F.S.A., both prohibit the offense defined in F.S. section 800.04, F.S.A. See also a like suggestion in Fritzberg v. State, 5 Cir. 1969, 416 F.2d 917, and Baker v. State, Fla.App.1968, 206 So.2d 441. On the other hand see McKee v. State, Fla.1967, 203 So.2d 321, wherein the Florida Supreme Court recognizes that the purpose of F.S. chapter 801, F.S.A., was to accord special treatment for those disturbed persons who are known as child molesters.
The words “* * * lewd and lascivious behavior. * * *” which appear in F.S.1969, section 801.041, F.S.A., refer to the offense defined by F.S.1969, section 800.04, F.S.A., and serve to bring within the penal and rehabilitative provisions of F.S.1969, chapter 801, F.S.A., those persons convicted of a violation of F.S.1969, section 800.04, F.S.A. Thus the penal provisions of F.S.1969, section 800.04, F.S.A., have been totally superceded by penal and rehabilitative provisions of F.S.1969, chapter 801, F.S.A., Baker v. State and Fritzberg v. State, supra.
For the reasons mentioned above, there was no relation between F.S.1969, section 800.04 and chapter 801, F.S.A., that would have justified mention of the latter in the jury instructions, except to the extent necessary to advise the jury of the penalty to which defendant might be subject upon conviction in compliance with F.S.1969, section 918.10(1), F.S.A.
The adjudication and sentence appealed from are reversed and the cause is remanded for a new trial consistent with the foregoing.
Reversed and remanded.
WALDEN and OWEN, JJ., concur.
REED, C. J., concurs in part; dissents in part.