PEARSON, Judge.
The Appellant, Eddie Lewis, was found guilty by a jury of the first degree murder of his wife. The jury recommended mercy and he was sentenced to life imprisonment. No point is presented on this appeal which questions the sufficiency of the evidence before the jury to sustain the conviction. The two points presented are: 1) The trial court erred in denying defendant’s motion to strike the identification testimony because it appeared that the testimony was tainted by prejudicial pre-trial procedures; 2) The trial court erred in failing to rule as a matter of law upon the acceptability of the identification testimony. It is readily apparent that these two points go to the same issue and that the substantial question raised is whether or not the trial court erred in allowing the testimony which identified the appellant as the perpetrator of the crime.
The identification testimony came from two witnesses. Witness Niemeyer saw the defendant enter the victim’s apartment. He also saw the defendant leave the apartment and walk over a bridge. He identified the defendant without hesitation through photographs submitted to him. Nothing about the photographs was suggestive in any way although there were six *528 photographs in which two depicted the defendant. Later the witness identified the defendant at a line-up. Further, there was no doubt, hesitation or discrepancy in any of the identifications. The record does not reveal that the appellant had counsel or was offered counsel at either the photographic or line-up identification.
Witness Kindle saw the defendant walk out of the victim’s apartment. He saw him from a distance of about 15 feet and also saw him crossing the bridge near the house. He saw him carrying a paper bag later identified by other witnesses. Kindle stated that he had seen photographs of the defendant and had attended a lineup. The initial challenge to the identification testimony was based upon the argument that the photographic identification was a denial of due process. Appellant relies upon Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). In Simmons, the Supreme Court of the United States held:
******
“ . . . convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside ... if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.”
******
Cf. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969). The holding in Simmons v. United States has been considered under circumstances similar to the present case in Marshall v. State, Fla.App.1970, 238 So.2d 445. In that case the court held:
******
“The sole question raised on appeal is whether the trial court erred when the store manager and victim of the robbery was permitted to testify that he identified appellant in some photographs at the police station on the night of the robbery. Although the victim testified that he recognized and was able to identify appellant as the robber independently of the photographs, and did in fact so identify appellant, it is contended that it was error to permit testimony as to the incident at the station the night of the robbery when appellant was identified in the photographs. Appellant’s argument in this point is without merit.”
******
See also Tafero v. State, Fla.App.1969, 223 So.2d 564.
The same conclusion was reached by the United States Court of Appeals, District of Columbia in Clemons v. United States, 133 U.S.App.D.C. 27, 408 F.2d 1230 (1968).
******
“The Supreme Court has, as noted above, expressly contemplated that in-court identifications may be found capable of standing on their own feet, even though preceded by deficient pre-trial confrontations. It has also emphasized the key role which the trial court, because of its direct exposure to the witnesses, plays in any such determination. Examined against this background, we think the District Court’s rulings with respect to these two witnesses are not properly the subject of appellate reversal.”
******
Appellant also urges that the identification testimony should have been excluded because he was placed in a line-up which was viewed by the identification witnesses without the appellant having been advised of his right to counsel. Appellant relies upon United States v. Wade, *529 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The record reveals that when the appellant was arrested, the arresting officer read him the warnings required in Miranda v. Arizona, supra. The appellant stated that he had an attorney hut that he did not want to call the attorney. The appellant volunteered to stand in a line-up. The line-up was arranged and was viewed by the identification witnesses. The appellant did not ask to have his attorney present at the line-up. There is no suggestion that the line-up was improperly constituted or tainted by unfairness in any way. It is clear that the in court identification was independent and that each identification whether by photograph, line-up or in court was direct and positive.
We have considered a very similar situation in Solloa v. State, Fla.App.1969, 227 So.2d 217 and reached the conclusion that a deprivation of due process did not appear. See also Avis v. State, Fla.App.1969, 221 So.2d 235.
Appellant’s second point which urges error upon the failure of the trial judge to preliminarily determine that the testimony was not tainted seems moot under the circumstances of this case. It is of course proper and preferred procedure for the court to make a preliminary determination out of the presence of the jury. See Clemons v. United States, supra. Nevertheless, the failure of the trial judge to make a determination adverse to the appellant is not reversible error in view of the fact that we find that the law does not support the proposition that the identification testimony was so tainted by pre-trial procedure as to amount to a deprivation of due process.
Affirmed.