194

## STATE v. RHODEN.
No. F68-251.
Court of Record, Brevard County.
March 23, 1972.

Gerald Bross, County Solicitor, for the state.

John A. Reed, Melbourne, for the defendant.

JOE A. COWART, Jr., Judge.

*Order summarily denying motion to vacate judgment (CrPR Rule 3.850):* The court having considered the motion of the defendant under CrPR Rule 3.850 to vacate and set aside the judgment and sentence based on the defendant's plea of guilty to the offense of lewd, lascivious or indecent assalt (§800.04, F. S.), charged in an information docketed as no. F68-251 in the above trial court, and the court having reviewed the files and records of the case and finding that in his motion the defendant complains, argues and prays for 53 long pages, which numerous complaints fall into five categories, viz —

(1) *Inadequate counsel:* The defendant claims he was inadequately and ineffectually represented by his counsel of record because his counsel did not, in the defendant's opinion, consult with the defendant or otherwise act in a manner or to the extent now pleasing to the defendant. The matters complained of are within the discretion and judgment of counsel and constitute no ground for vacating judgment. Johnson v. State, Fla. App. 1970, 236 So.2d 473; Solloa v. State, Fla. App. 1969, 227 So.2d 217; Fuller v. Wainwright, Fla. S. Ct. 1970, 238 So.2d 65; Robinson v. State, Fla. App. 1970, 239 So.2d 282; Meinson v. State, Fla. App. 1970, 240 So.2d 188; Powell v. State, Fla. App. 1971, 244 So.2d 746. The court relieved one appointed counsel, Noah McKinnon, because he was not pleasing to the defendant and appointed John A. Reed, with whom the defendant expressed satisfaction.

(2) *Involuntary, coerced plea:* The defendant claims his guilty plea was coerced and based on unfulfilled promises and representations and was involuntary and attacks the competency and loyalty of his counsel, but an examination of the transcript of the proceedings taken on January 24, 1969, when the defendant entered his plea of guilty, a copy of which is attached to the record in case no. 70-693 in the Fourth District Court of Appeal, will reveal that the trial court followed CrPR Rule 1.170(a) as interpreted in Williams v. State, Fla. App. 1971, 245 So.2d 267, and that the trial court conducted a thorough examination to ascertain the voluntariness of the plea and accepted it only after being assured that it was freely and voluntarily given, see Huguenot v. State, Fla. App. 1970, 230 So.2d 488; Hooper v. State, Fla. App. 2d Dist. 1970, 232 So.2d 257, and cases cited; and West v. State, Fla. App. 1971, 249 So.2d 779.

(3) *The court must release under §801.121(3), F. S., every defendant returned by the Florida State Hospital under §801.111, F. S., and failure to do so constitutes abuse of the trial judge's sentencing discretion.* This is not correct law.

(4) *§800.04, F. S., is an offense divided into degrees, §801.091 is one of the degrees and the court erred in sentencing under §801.091, without complying with CrPR Rule 3.170(h).* §800.04 is not an offense divided into degrees within the meaning of CrPR Rule 3.170(h). Degree offenses contemplated by the rule are murder (§782.04) and arson (§§806.01-806.04) and perhaps larceny (§811.021) and worthless check (§832.05(2)(a)). The defendant argues that §800.04 is divided into degrees because the court sentenced under §801.091. The court took this action after compliance with §801.051, because the sentencing provision of §800.04 has been superseded by §801.03. Ross v. State, Fla.

App. 1959, 112 So.2d 69; Baker v. State, Fla. App. 1968, 206 So.2d 411, and Schroeder v. State, Fla. App. 1971, 252 So.2d 270, so holds.

(5) *The court erred in not extending allocution under CrPR Rule 3.720 before sentencing.* An examination of the transcript of the proceedings on July 21, 1970, at the time of sentencing, a copy of which is also attached to the record in case no. 70-693 in the Fourth District Court of Appeal, will disclose that the facts sworn to by the defendant as to this claim are patently false. Even if true, they are not legal grounds for relief, see Rice v. State, Fla. App. 4th, 1971, 243 So.2d 226; and Carter v. State, Fla. App. 1971, 253 So.2d 731.

## Negotiated plea represented to court by accused to be voluntary —

The information herein was filed in June, 1968, and charges six serious sex offenses occurring in March, 1968. The plea in this case was negotiated in January, 1969, by the accused and his counsel with the state resulting in the accused pleading quilty to one count of the information in exchange for which the state agreed to drop and never prosecute the accused on the other five counts. The state has kept its promise and, now, because of the passage of time, that it is impossible in law for the state to try the accused on the five dismissed charges and impossible, in practical fact, to try him on the one charge, the accused attacks his original agreement and claims for the first time that he acted involuntarily three years ago in pleading guilty. Kelly v. State, Fla. App. 1971, 254 So.2d 22, recognizes the basic unfairness of permitting an accused to negotiate a plea then later attack his own plea as being involuntary and holds Boykins v. Alabama, 1969, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274, does not apply to a recorded negotiated plea. Steinhauser v. State, Fla. App. 1969, 228 So.2d 446, holds an accused cannot represent to a trial judge, who is conscientiously endeavoring to comply with the law and to determine whether the plea is voluntary, that his plea is voluntary in order to induce the court to accept his "bargained for" plea and then later change his position and claim he misrepresented the facts to the judge and obtain relief from this claimed misrepresentation under CrPR Rule 1.170(a). To hold otherwise in this situation would permit an accused to make a mockery and farce of court proceedings and of criminal justice.

The motion and the files and records of this case conclusively show that the defendant-prisoner is entitled to no relief under CrPR Rule 3.850 and that said motion should be denied without an evidentiary hearing, it is, therefore, ordered and adjudged that the defendant's motion to set aside the judgment and sentence is denied.