PER CURIAM.
Appellant, who is serving a life sentence in the State Penitentiary, seeks reversal of a judgment of conviction based on a jury verdict finding him guilty of murder in the first degree, with a recommendation of mercy.
Appellant first contends that the trial court erred in failing to suppress the out-of-court and in-court identification of the appellant and permitting such identification to go to the jury.
The crime occurred on June 16, 1971 and photographs were shown to the witness on June 26, and July 5, 1971, while the appellant was still at liberty. He was not arrested until July 9, 1971, after an investigation by the police. A preliminary hearing was held on July 22, 1971, and an indictment was returned on September 7, 1971.
Several folders, each containing eight or ten photographs, were presented to the two witnesses. Both witnesses identified the *466 appellant positively on all occasions. We find no merit in the appellant’s contentions. See: Perkins v. State, Fla.1969, 228 So.2d 382; Lewis v. State, Fla.App.1972, 256 So.2d 526; Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).
The final point relied upon by appellant for reversal is that the trial court erred in denying appellant’s motions for a mistrial and new trial based upon remarks made by the assistant state attorney during voir dire and closing argument. We have considered the remarks objected to and conclude that they did not constitute prejudicial error.
No reversible error having been demonstrated, the judgment and sentence are hereby affirmed.
Affirmed.