396 So.2d 1171 (1981)
Robert Allen TEFFETELLER, Appellant,
v.
STATE of Florida, Appellee.
No. 80-572.
District Court of Appeal of Florida, Fifth District.
April 15, 1981.
*1172 James B. Gibson, Public Defender, and Mary Sue Donsky, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from a judgment and sentence for aggravated assault. Appellant raises as error the imposition of a sentence to run consecutively with undetermined future sentences. The judgment and sentence stated: "a term of five (5) years less 225 days heretofore served in the Volusia County Jail, to run consecutively with any additional sentences you are or will be serving."
Section 921.16, Florida Statutes (1979), provides that sentences of imprisonment for offenses not charged in the same indictment, information or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently. See also Benyard v. Wainwright, 322 So.2d 473 (Fla. 1975). Here, only one offense was charged in the information and if appellant is presently serving a sentence for another offense, the sentence involved must be served consecutively. Therefore, the language setting the condition that the five year term is "to run consecutively with any additional sentences you are ... serving" can be treated as mere surplusage. Perkins v. Mayo, 92 So.2d 641 (Fla. 1957); Rice v. State, 243 So.2d 226 (Fla. 4th DCA 1971).
The trial court was apparently aware of other charges pending against appellant and intended that this five year term commence after the sentences for the other crimes were served. However, as worded, this sentence could commence after the imposition of a sentence for any future unrelated crime. This indefinite commencement of the five year sentence is improper. Wallace v. State, 41 Fla. 547, 26 So. 713 (1899); Keel v. State, 321 So.2d 87 (Fla.2d DCA 1975).
The judgment of conviction is AFFIRMED, the sentence REVERSED and this cause is REMANDED for correction of the sentence.
DAUKSCH, C.J., and COWART, J., concur.