76 So.2d 137 (1954)
Charlie COPELAND, Jr., Appellant,
v.
The STATE of Florida, Appellee.
Supreme Court of Florida. En Banc.
November 30, 1954.
*138 Sam B. Wilson, Releford McGriff, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., Mark R. Hawes, Asst. Atty. Gen., William A. Hallowes, III, Jacksonville, for appellee.
MATHEWS, Justice.
This is an appeal from a judgment and sentence of death based upon a verdict of guilty without recommendation for mercy in a rape case.
On July 24, 1953, the Grand Jury in Duval County returned an indictment against the appellant charging him with rape of a female in Duval County on the 11th day of July, 1953. The indictment was brought under F.S. Section 794.01, F.S.A., and charged that the appellant did "ravish and carnally know, forcibly and against the will of her, * * * contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida." This statute, F.S. Section 794.01, F.S.A., was in full force and effect at the time of the indictment and at the time of the trial and had not been repealed, amended or changed, unless, as contended by the appellant, the penalty for the crime was changed by Chapter 28158, Laws of Florida 1953.
The primary question presented on this appeal is the contention of the appellant that the Circuit Court of Duval County, Florida, which has criminal jurisdiction in capital cases only, did not have jurisdiction to try, convict and sentence the appellant to the penalty of death, because of the provisions of Chapter 28158, Laws of Florida 1953, designated as amendments to the "Child Molester Act". Under the Child Molester Act, as amended, the sentence of a person convicted of the rape of a person who is fourteen years or under shall not exceed twenty-five years in the State prison at Raiford, Florida. The title to the 1953 amendments to the Child Molester Act is as follows:
"An act to Amend Section 801.02; Paragraph (a) of Subsection (1) of Section 801.03; Subsection (2) of 801.03; Subsection (3) of Section 801.08; Subsection (2) of Section 801.12; and Further Amending Section 801.12 by Adding a New Subsection (3) Thereto; Amending Section 801.13 and Repealing Section 801.14, Florida Statutes 1951, Relating to the Child Molester Act, Providing for Sentencing, Commitment, Treatment, Parole, *139 Release, and Discharge of Persons Convicted of Certain Sex Offenses Against, to, or With Persons Fourteen Years of Age or Under."
Section 1 of the Act provides:
"Section 1. Section 801.02, Florida Statutes, 1951, is amended to read:
"801.02 Definitions.  An offense under the provisions of this Chapter shall include rape, attempted rape, sodomy, attempted sodomy, crimes against nature, attempted crimes against nature, lewd and lascivious behavior, assault (when a sexual act is completed or attempted) and assault and battery (when a sexual act is completed or attempted), when said acts are committed against, to, or with a person fourteen years of age or under."
Section 2 of the Act provides:
"Section 2. Paragraph (a) of Subsection (1) of Section 801.03, Florida Statutes 1951, is amended to read:
"801.03 Powers and duties of judge after convictions.
"(a) Sentence said person to a term of years not to exceed twenty-five years in the State prison at Raiford, Florida."
Section 2 of the 1951 Act became F.S. Section 801.02, F.S.A., and Subsection (1) of Section 3 of the 1951 Act empowered the trial judge to sentence said person to the sentence otherwise provided by law. This became Paragraph (a) of Subsection (1) of F.S. Section 801.03, F.S.A., and, as amended, provided that the judge should, "Sentence said person to a term of years not to exceed twenty-five years in the state prison at Raiford, Florida." Thus the penalty for rape was materially changed from that of death where the verdict was guilty without a recommendation of mercy to a sentence of not to exceed twenty-five years when the female raped was fourteen years of age or under.
The trial began on September 21st and ended on September 23rd, 1953. At no time before or during the progress of the trial did the appellant question the jurisdiction of the Circuit Court or raise any such objection as that now presented. After verdict of guilty without recommendation for mercy was rendered by the Jury on the 23rd day of September, 1953, the appellant filed a motion for new trial on the 8th of October, 1953, upon the following grounds:
"1. The Court was without jurisdiction to proceed with the trial of this defendant.
"2. The Court erred in failing to grant the defendant's motion to strike from the record confessions presented by the State, which were allegedly procured by illegal means.
"3. The Court erred in admitting into evidence the Record of the preliminary hearing before Judge Sarah Bryan."
It should be noted that the general ground that the Court was without jurisdiction did not specify in what particular the Court was without jurisdiction and did not raise the question now presented.
On the 23rd day of October, 1953, the appellant filed what he calls an amended or extraordinary motion in arrest of judgment and for new trial, which set forth the following grounds:
"1. The Court was and is without jurisdiction to try the defendant for the offense charged in the indictment, the same not being a capital offense under the provisions of Chapter 28158, Laws of Florida, effective as of June 15, 1953.
"2. That the sentence herein to be imposed would exceed the penalty provided for by law."
From the record it appears that the first suggestion that the Court was without jurisdiction because of the provisions of the Child Molester Act, that is, Chapter 28158, Laws of Florida 1953, was when this so-called amended or extraordinary motion was filed.
*140 The Courts were open and the writ of prohibition was available to the appellant to raise the question of jurisdiction of the Circuit Court prior to the time of trial. He did not avail himself of this or any other remedy and raised no objection to the jurisdiction of the Circuit Court. Notwithstanding the fact that there is no statute in the State of Florida which makes any provision for an amended or extraordinary motion for a new trial, it appears from the record that the Circuit Judge entertained, seriously considered and passed upon the question presented by the so-called extraordinary motion, and in his order denying the same said:
"We are not unmindful of the importance of questions involving the constitutionality of laws, but we deem the particular portion of the Act in question to be clearly unconstitutional and we therefore hold that so much of Chapter 28158, Laws of 1953, as includes the offense of rape is violative of the constitutional restrictions. * * *"
The extraordinary motion for a new trial was irregular and the Circuit Judge was not compelled to consider and pass upon the same. However, this was an extraordinary case presenting the question of jurisdiction of the Court which involved constitutional questions. In the exercise of his discretion, the trial Judge considered and passed upon the motion. Although we do not approve the practice, we cannot say that under the circumstances of this case, the trial Judge abused his discretion. See Kirkland v. State, 70 Fla. 584, 70 So. 592; Casey v. State, 116 Fla. 3, 156 So. 282; Brown v. State, 135 Fla. 30, 184 So. 518. Certainly, the appellant cannot complain of the procedure, even though such extraordinary motion was out of time and irregular, for the consideration of the same was for his benefit. Indeed, the appellant's only complaint is that after the trial Judge exercised his discretion and considered and passed upon the extraordinary motion, the opinion and judgment rendered was contrary to his contentions.
On the 30th day of October, 1953, the Circuit Judge entered the only judgment and sentence which he could enter on the verdict rendered by the Jury.
The appellant appealed to this Court on the following grounds:
"1. That the Court was without jurisdiction to try the defendant for the offense charged in the indictment, the same not being a capital offense under the provisions of Chapter 28158, Laws of Florida, effective as of June 15, 1953.
"2. That said sentence imposed exceeds the penalty provided by law.
"3. The Court erred in failing to grant defendant's motion to strike from the record confession presented by the State, which were allegedly procured by illegal means.
"4. The Court erred in admitting into evidence the Record of the preliminary hearing before Judge Sarah Bryan, Justice of the Peace.
"5. The verdict of the Jury affirmatively appears to be contrary to manifest weight of evidence or was motivated by prejudice, passion, mistake or other improper cause.
"6. The Court erred in refusing to grant defendant's motion for new trial."
When the appellant raised the question that the Circuit Court was without jurisdiction to try him and that the sentence imposed was an unlawful sentence because of the provisions of the Child Molester Act, the action of the State Attorney and the Attorney General in attacking the validity of the Child Molester Act, as it applied to rape, was proper. It would be ridiculous to tie the hands of the State and say that it could not attack the validity of the Child Molester Act when the appellant, after trial and conviction, seeks the aid of such Act in an attempt to escape the penalty of the rape statute, F.S. Section 794.01, F.S.A.
*141 In considering this question it is necessary to analyze the 1951 and 1953 Child Molester Acts in connection with other statutes of the State relating to the crimes and the penalties for the crimes set forth in the Act of 1953. The 1951 Act fixed the age of the female at twelve years, or under, and the 1953 Act fixed the age at fourteen years, or under. The 1951 Act left the sentence to be imposed as otherwise provided by law. The 1953 Act attempted to change the sentence provided for by separate acts of the Legislature. The 1953 Act did not amend or attempt to amend, in the manner provided for by the Constitution, F.S. Section 794.01, F.S.A., which reads as follows:
"Whoever ravishes and carnally knows a female of the age of ten years or more, by force and against her will, or unlawfully or carnally knows and abuses a female child under the age of ten years, shall be punished by death, unless a majority of the jury in their verdict recommend mercy, in which event punishment shall be by imprisonment in the state prison for life, or for any term of years within the discretion of the judge. It shall not be necessary to prove the actual emission of seed, but the crime shall be deemed complete upon proof of penetration only."
The 1953 Act attempted to amend the penalty provisions of eleven separate distinct statutes of the State of Florida as follows:

Offense Punishment Under Punishment Under Difference
 General Statute Child Molester Act
Attempted rape 10 yrs. 25 yrs. Plus 15 yrs.
(Assault with intent
 to commit rape) 20 yrs. 25 yrs. Plus 5 yrs.
Sodomy 20 yrs. 25 yrs. Plus 5 yrs.
Attempted sodomy 5 yrs. 25 yrs. Plus 20 yrs.
(Assault with intent 10 yrs. 25 yrs. Plus 15 yrs.
 to commit sodomy)
Crimes against nature 20 yrs. 25 yrs. Plus 5 yrs.
Attempted crimes
 against nature 5 yrs. 25 yrs. Plus 20 yrs.
(Assault with intent
 to commit crimes
 against nature) 10 yrs. 25 yrs. Plus 15 yrs.
Lewd and lascivious
 behavior 6 months 25 yrs. Plus 24 1/2 yrs.
Assault (sexual
 act on child
 under 14 yrs.) 10 yrs. 25 yrs. Plus 15 yrs.
Assault and battery
 (sexual act
 on child under
 14 yrs.) 10 yrs. 25 yrs. Plus 15 yrs.

*142 Section 9 of the 1953 Act is as follows:
"Section 9. It is declared to be the legislative intent that if any section, subsection, sentence, clause, or provision of this act is held invalid, the remainder of the act is not to be affected."
Section 16, Article III of the State Constitution, F.S.A., is as follows:
"Section 16. Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title, and no law shall be amended or revised (by reference) to its title only; but in such case the act as revised or section, or subsection of a section, or paragraph of a subsection of a section, as amended, shall be reenacted and published at length."
The 1953 Act amending the Child Molester Act does not comply with this section of the Constitution because: (1) it embraces eleven different crimes denounced by other statutes of the State of Florida, (2) it does not publish at length the statutes with reference to rape which it attempts to amend, and (3) the title of the Act is insufficient to give notice that one of the purposes of the Act is to change the penalty for rape where the verdict is guilty without a recommendation for mercy, from death, to not exceeding twenty-five years, when the age of the female is fourteen years or under. Under the contention of the appellant the Circuit Court would be without jurisdiction and he could only be tried in Duval County in the Criminal Court of Record with a jury of six instead of a jury of twelve, and receive a penalty of only twenty-five years instead of life imprisonment or death, where the age of the female is fourteen years, or under. The title is wholly insufficient to put the members of the Legislature and the public on notice of any such drastic amendment in the rape statute.
It is unnecessary to discuss any other crime except that of rape and as applied to rape and the penalty therefor, Chapter 28158, Laws of Florida 1953, violates Section 16, Article III of the State Constitution, and is void and of no effect. Such being the case, the Circuit Court had jurisdiction to try the case and to impose the death penalty upon a verdict of guilty without recommendation for mercy.
There is nothing in the entire record which justifies or supports assignment of error number 5 that the verdict of the jury appears to be contrary to the manifest weight of the evidence or was motived by "prejudice, passion, mistake or other improper cause". There were conflicts in the testimony of the chief witness for the State, and the testimony of the defendant, who took the stand in his own behalf. It would serve no useful purpose to narrate or summarize the nauseating details of such testimony. It is sufficient to say that the Jury was the sole judge of such testimony and the credibility of witnesses, and the verdict of the Jury settled such questions.
We have carefully considered every assignment of error and each is without merit. We have examined and considered the record in this case in the light of briefs filed and oral arguments, and have, pursuant to sub-paragraph 2 of Section 924.32, Florida Statutes, and F.S.A., reviewed the evidence to determine if the interest of justice requires a new trial, with the result that we find no reversible error is made to appear and the evidence does not reveal that the ends of justice requires that a new trial be awarded.
Affirmed.
ROBERTS, C.J., and THOMAS, SEBRING and DREW, JJ., concur.
TERRELL, J., dissents.
HOBSON, J., not participating.