104 So.2d 16 (1958)
In re Petition of Edward T. GRAHAM to Quash Subpoena Duces Tecum of the Florida State Legislature by the Florida Legislative Investigation Committee, An Appeal From an Order Denying Motion to Quash Subpoena of the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida.
Supreme Court of Florida.
June 18, 1958.
Rehearing Denied July 15, 1958.
*17 L.J. Cushman and Tobias Simon, Miami, for appellant.
Mark R. Hawes, Tampa, for appellee.
TERRELL, Chief Justice.
Chapter 57-125, Florida Laws 1957, created the Florida Legislative Investigation Committee and clothed it with certain powers. It will hereinafter be referred to as the Committee. It forthwith served Edward T. Graham with a subpoena duces tecum requiring him to produce at a stated time and place all books, records and lists of memberships pertaining to the National Association for the Advancement of Colored People and the Florida Council for Human Relations.
February 18, 1958, Graham as petitioner moved to quash said subpoena on the ground that its requirements were beyond the Committee's scope of inquiry and that the act creating it was unconstitutional, in that it violated the First and Fourteenth Amendments to the Constitution of the United States and Sections 12 and 22, Declaration of Rights, Constitution of Florida, F.S.A. February 25, 1958, the Circuit Court entered an order denying the motion to quash. From that order an appeal was taken to the District Court of Appeal, Third District, which appeal was timely transferred to this court.
It is first contended that Florida Statute 57-125 is violative of Section 16, Article III of the Constitution, F.S.A., in that it contains more than one subject matter not properly related to the title.
There is no merit to this contention. Casual examination shows that the assaulted act contains but one subject matter and that the title is ample to put any reasonable person on notice of its provisions. Copeland v. State, Fla., 76 So.2d 137; Wright v. Board of Public Instruction, Fla., 48 So.2d 912; State v. Florida State Turnpike Authority, Fla., 80 So.2d 337.
The real point in the case is whether or not the subpoena duces tecum is in violation of the First and Fourteenth Amendments to the Federal Constitution and Sections 12 and 22 of the Declaration of Rights, Constitution of Florida.
Appellant contends that this question requires an affirmative answer and relies on Watkins v. United States, 354 U.S. 178, 77 S.Ct. 1173, 1 L.Ed.2d 1273; Sweezy v. State of New Hampshire, 354 U.S. 234, 77 S.Ct. 1203, 1 L.Ed.2d 1311, and National Ass'n for Advancement of Colored People v. Patty, D.C., 159 F. Supp. 503, to support his contention. An examination of these cases leaves us with a different conclusion from that reached by petitioner. In the Watkins case the court [354 U.S. 178, 77 S.Ct. 1190], among other things, held that the "vice of vagueness" relative to pertinency of the question involved in the point of inquiry must be avoided in order to sustain a conviction for contempt of Congress *18 under Federal law. It then pointed out how the "vice of vagueness" could be avoided.
If the point may be shown to have merit it is premature because the legislature has the power to authorize investigation into alleged unauthorized activities and so long as any question propounded or step taken in the inquiry does not infringe on constitutional rights of the person investigated, they are permissible. The time to raise the point would be when the question is propounded or when the step is taken. Such is the doctrine of the Watkins case. We have examined Sweezy v. State of New Hampshire and National Ass'n for Advancement of Colored People v. Patty, and we do not think they have any relation to the case at bar so they are not discussed.
To be more specific as to the objection raised here, we might say that it has to do with the provision of the subpoena duces tecum requiring petitioner to produce "all books, records, and lists of memberships pertaining to the National Association for the Advancement of Colored People and the Florida Council for Human Relations," and to otherwise testify.
The Committee had power to investigate the activities of these organizations if it had reasonable ground to believe they were engaged in conduct inimical to our country. Appellant also had a right to security in its constitutional guaranties when this was being done but there is no showing whatever that any of these guaranties have been, or are about to be, violated. None of the fears enumerated in appellant's brief have materialized and in fact cannot materialize until unlawful steps have been taken or unlawful or impertinent questions have been propounded to petitioner when the inquiry gets under way. It cannot be done before this and then the pertinency of questions must be shown if the point is raised.
It is true that the opinion in the Watkins case contains the quotations relied on by appellant but it also contains the doctrine to the effect that the court "cannot assume that the questions to be asked or the books to be produced will violate any constitutional privilege guaranteed the petitioner." The Watkins case further supports the theory that the "legislature is free to determine the kinds of data that should be collected and that when the question of pertinency is raised, it must be explained." None of these matters can be determined in advance of the hearing
In his effort to have the court speculate and prophesy in advance that the Committee will exceed its authority, the appellant appears to have taken his cue from the famous epigram of Bismarck, "to retain respect for sausages and laws, one must not watch them in the making." A nice appreciation of the Iron Chancellor's theory suggests more than is necessary to dissertate on at this time. It is enough to say that courts do not travel that road. The act involved must be shown to be unconstitutional or the procedure under it must violate some right of the one assaulting it.
No court will in advance speculate as to what a Committee will do or that it will violate the law fixing one's right in a proceeding of this kind and there is no showing or reason for suspicion at this time. McGrain v. Daugherty, 273 U.S. 135, 47 S.Ct. 319, 71 L.Ed. 580; Barsky v. United States, 83 U.S.App.D.C. 127, 167 F.2d 241, certiorari denied 334 U.S. 843, 68 S.Ct. 1511, 92 L.Ed. 1767. This view is also supported by the answer to appellant's contention in the order of the Circuit Court denying the petitioner's motion to quash.
The decree appealed from is accordingly affirmed.
Affirmed.
TERRELL, C.J., HOBSON, DREW, THORNAL and O'CONNELL, JJ., concur.