203 So.2d 321 (1967)
James Henry McKEE, Appellant,
v.
STATE of Florida, Appellee.
No. 36024.
Supreme Court of Florida.
October 25, 1967.
Brooks Taylor, Crestview, for appellant.
Earl Faircloth, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
ERVIN, Justice.
The Appellant herein was charged by information with violation of the Child Molester Act. The specific crime attributed to the Appellant was assault with intent to commit rape upon an eight year old girl. Upon trial by jury Appellant was found guilty as charged. The Criminal Court of Record in and for Orange County, Florida, thereupon entered an order adjudging the Appellant guilty of violation of the Child Molester Act and, pursuant to authority provided by F.S. Section 801.03(1) (a), F.S.A., sentenced him to twenty-five years in the State Penitentiary.
Appellant's basic contention before this Court is that the statute pursuant to which he was convicted and sentenced is unconstitutional. The thrust of Appellant's attack is upon Chapter 801, F.S., entitled "Child Molester Law." Appellant contends, inter alia, that said statute is void and unconstitutional in that it denies the accused equal protection of the laws; violates the guarantee of due process of law; places the defendant twice in jeopardy for the commission of one act; and provides for an indefinite period of imprisonment. Appellant further contends that the prosecution made highly prejudicial remarks to the jury and as a result a new trial should be awarded regardless of the want of objection or exception to said remarks by Appellant. Appellant's final contention is *322 that the alleged victim, as a prosecuting witness, was of such tender years that she did not know the difference between telling lies and telling the truth nor did she realize the obligation of an oath.
The primary point upon which Appellant focuses his argument regarding the constitutionality of Chapter 801, F.S. is as follows:
"* * * the Child Molester Act is unconstitutional because it covers twelve separate crimes proscribed by other statutes and does not publish at length those statutes, particularly the statute proscribing assault with intent to commit rape, as required by Section 16, Article 3 of the Florida Constitution: Does not publish at length those criminal statutes that it amends by increasing the maximum sentences as required by the constitution of the State of Florida, Section 16, Article 3 * * *"
Appellant relies heavily upon our decision in Copeland v. State, Fla., 76 So.2d 137, in which we held that
"* * * as applied to rape and the penalty therefor, Chapter 28158, Laws of Florida 1953 [Ch. 801, F.S.] violates Section 16, Article III of the State Constitution, and is void and of no effect." (at 142)
Our opinion in Copeland, supra, was filed November 30, 1954. At that time Section 801.02 of the Child Molester Act read as follows:
"801.02 Definition.  An offense under the provisions of this chapter shall include rape, attempted rape, sodomy, attempted sodomy, crimes against nature, attempted crimes against nature, lewd and lascivious behavior, incest and attempted incest, assault (when a sexual act is completed or attempted) and assault and battery (when a sexual act is completed or attempted), when said acts are committed against, to, or with a person fourteen years of age or under." (emphasis added)
This section was enacted by Chapter 28158, Laws of Florida 1953, designated as amendments to the "Child Molester Act" (derived from Ch. 26843, Laws of Florida 1951). The Act, as then amended, provided that the sentence of a person convicted of the rape of a person who was fourteen years or under should not exceed twenty-five years in the State Prison at Raiford. Our examination of Chapter 801 as it existed and read in 1954 led us to conclude in Copeland, inter alia, that
"* * * the title of the Act is insufficient to give notice that one of the purposes of the Act is to change the penalty for rape where the verdict is guilty without a recommendation for mercy, from death, to not exceeding twenty-five years, when the age of the female is fourteen years or under." (At 142)
Subsequent to our decision in Copeland, supra, the Legislature in 1955 enacted Chapter 29923, Laws of Florida, Acts of 1955. This enactment amended F.S. Section 801.02, F.S.A. by deleting the word "rape" from the definition of offenses under the law. Subsequent amendment was made but will not be related inasmuch as it is not pertinent to the cause before us. Appellant contends that the Copeland case is directly controlling in the instant cause and argues that the Act's title deficiency was not cured by the legislative action in 1955  Chapter 29923, Laws of Florida. We do not agree.
Our decision in Copeland, supra, was the result of a finding that the act in question was basically deficient in title. We did not declare it unconstitutional because of substance. The action of the Legislature in 1955 via Chapter 29923, Laws of Florida, cured the deficiency of form pointed out in Copeland. This "curing" concept is in accord with the law and policy of our state. As we said in State ex rel. Badgett v. Lee, 156 Fla. 291, 22 So.2d 804, *323 speaking through Mr. Justice Thomas:
"We adopt the rule that an act, the title of which is insufficient, may become valid by incorporation in a general revision of the laws whether the insufficiency has been adjudicated or not." (at 807)
Clearly, and we indicated the same in Badgett, supra, incorporation in a general revision of the statutes will not cure a particular act of any unconstitutionality of content. As previously stated, however, the deficiency herein was in regard to form or title  not substance or content.
Appellant contends that his conviction and sentence under the Child Molester Law denies him equal protection of the laws. We can not agree with this contention. Admittedly, the Appellant was charged, convicted and sentenced pursuant to a statute which is by nature and definition a special classification. However, if the law deals alike with all of a certain class the equal protection concept is not violated. This statement is made upon the premise that such classification bear a reasonable and just relation to the act in respect to which the classification is made. (See McLaughlin v. State of Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222.) In our judgment it can not be said that the Child Molester Law, as such, is an arbitrary or unjust classification. Classification of those individuals committing or attempting to commit any of the acts specified in Chapter 801, F.S., is not an example of classification for classification's sake. Certainly no arbitrary or invidious discrimination is evidenced when the State, acting within the proper scope of its powers, makes special provisions regarding that type of sick or depraved person known to society as a child molester. The Legislature by Chapter 801, F.S. recognizes the unique nature and consequence of such acts, completed or attempted, against a child of tender years. In accord with this recognition special provisions have been made for penalty and treatment under the statute. The statute creates a constitutionally valid classification.
We have carefully considered the additional arguments and issues propounded by Appellant and find them to be without merit.
The judgment below should be and hereby is affirmed.
It is so ordered.
CALDWELL, C.J., DREW and THORNAL, JJ., and WHITE, Circuit Judge (Retired), concur.