BOYD, Justice.
This cause arises under Rule 4.6, Florida Appellate Rules, 32 F.S.A., governing certified questions from state courts. Rule 4.6 (a), provides:
“When it shall appear to a judge of the lower court that there is involved in any cause pending before him questions or propositions of law that are deter *198 minative of the cause and are without controlling precedent in this state and that instruction from the Court will facilitate the proper disposition of the cause, said judge, on his own motion or on motion of either party, may certify said question or proposition of law to the Court for instruction.” (e. s.)
The questions certified[1] have to do with Florida Statutes § 801.221,[2] F.S.A., a section of the Child Molester Law which prohibits publishing the names of minors charged with sex crimes under the Child Molester Law. The crime involved in the instant case is the capital offense of rape. Rape is not one of the enumerated crimes covered by the Child Molester Law.[3] Therefore, petitioner here, charged with the capital offense of rape, is not entitled to any protection under Florida Statutes § 801.221, F.S.A.
 Accordingly, our answer to both questions certified is as follows: Florida Statutes § 801.221, F.S.A., does not apply to persons charged with capital offenses.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, McCAIN and DEKLE, JJ., concur.

. “Question One: May the publication of the name and address of an unmarried minor below the age of sixteen years in violation of Florida Statute 801.221, F.S.A., constitutionally give rise to a cause of action for money damages for invasion of the said minor’s privacy? “Question Two: If the answer to question one is in the affirmative, does the publication as aforesaid coupled with complete lack of knowledge of the provisions of Florida Statute 801.221, F.S.A., permit recovery of exemplary damages?”

. “801.221 Sex offenses; publication of name under age sixteen prohibited. — No person shall print, publish, broadcast or televise, or cause to be printed, published, broadcast or televised, in any manner, the name or identity of any unmarried person under the age of sixteen (16) who eom-mits, or is the victim of, or who is a witness to or concerning any sex offense. Any person violating the provisions of this section shall upon conviction be guilty of a misdemeanor and punished according to law.”

.“801.041 Definition of offense. — An offense under the provisions of this chapter shall include attempted rape, sodomy, attempted sodomy, crimes against nature, attempted crimes against nature, lewd and lascivious behavior, incest, attempted incest, assault (when a sexual act is completed or attempted), and assault and battery (when a sexual act is completed or attempted), when such acts are committed against, to, with or in the presence of, a person fourteen (14) years of age or under.”