**BENSON, et al v. FLORIDA PUBLISHING CO.**
No. 70-11069.
Circuit Court, Duval County.
May 19, 1972.

James C. Handly, Jr., Jacksonville, for the plaintiffs.

Harold B. Wahl of Loftin & Wahl, Jacksonville, for the defendant.

MAJOR B. HARDING, Circuit Judge.

This cause came on to be heard with James C. Handly, Jr. present for the plaintiff, and Harold B. Wahl present for the defendant. The court finds —

On July 16, 1971, this court issued its certificate to the Supreme Court of Florida under Florida Appellate Rule No. 4.6, from which is quoted the Statement of Facts and Questions One and Two —

## STATEMENT OF FACTS

The minor plaintiff, Charles Sherman Benson, was on May 22, 1970, indicted by the Grand Jury of Duval County, Florida, for the crime of rape, and under the provisions of Section 39.02(6)(c), was arraigned in the Circuit Court as an adult and entered a plea of not guilty. Subsequent thereto, the minor plaintiff withdrew his plea of not guilty to the crime of rape and entered a plea of guilty to the said crime. The trial court withheld adjudication of guilt and committed the minor plaintiff to the Division of Youth Services of the State of Florida.

After the aforesaid commitment, the defendant, Florida Publishing Company, did in both of its newspapers, The Florida Times-Union and The Jacksonville Journal, publish the name and address of the minor plaintiff who was at that time an unmarried person below the age of sixteen years in connection with the reporting of the events which took place in open court in the trial court, notably the plea of guilty to the crime of rape and the commitment by the Court of the minor plaintiff to the Division of Youth Services.

The defendant through numerous members of its editorial staff admitted the publication and further stated that none of them had any knowledge of Florida Statute 801.221 at the time of the publication; that they did not know plaintiff and published a fair and accurate account, without malice, of what took place in open court on a matter of public interest. Any alleged prior unlawful activities of the minor plaintiff are reserved as matters of defense.

## QUESTION ONE

Under these factual circumstances, MAY THE PUBLICATION OF THE NAME AND ADDRESS OF AN UNMARRIED MINOR BELOW THE AGE OF SIXTEEN YEARS IN VIOLATION OF FLORIDA STATUTE 801.221 CONSTITUTIONALLY GIVE RISE TO A CAUSE OF ACTION FOR MONEY DAMAGES FOR INVASION OF THE SAID MINOR'S PRIVACY?

## QUESTION TWO

If the answer to QUESTION ONE IS IN THE AFFIRMATIVE, DOES THE PUBLICATION AS AFORESAID COUPLED WITH COMPLETE LACK OF KNOWLEDGE OF THE PROVISIONS OF FLORIDA STATUTE 801.221 PERMIT RECOVERY OF EXEMPLARY DAMAGES?

After briefs and oral argument, the Supreme Court of Florida on May 3, 1972, filed its opinion, 262 So.2d 196, with all seven members of the court concurring, from which is quoted the answer given by the Supreme Court to the questions certified by this court —

The questions certified have to do with Florida Statutes §801.221, a section of the Child Molester Law which prohibits publishing the

names of minors charged with sex crimes under the Child Molester Law. The crime involved in the instant case is the capital offense of rape. Rape is not one of the enumerated crimes covered by the Child Molester Law. Therefore, petitioner here, charged with the capital offense of rape, is not entitled to any protection under Florida Statutes §801.221.

Accordingly, our answer to both questions certified is as follows: Florida Statutes Section 801.221 does not apply to persons charged with capital offenses.

No petition for rehearing was filed in the Supreme Court, and the opinion has become final.

Pursuant to such opinion of the Supreme Court of Florida, plaintiff has no cause of action here. Defendant published a fair and accurate account of proceedings in open court, without malice publishing a story on a matter of public interest.

Upon consideration, it is ordered and adjudged that Charles Sherman Benson, a minor, through his next friend and father, Benny G. Benson, shall take nothing by his suit and said suit is dismissed with prejudice; that defendant shall go hence without day; and defendant Florida Publishing Company do have and recover from plaintiffs its costs to be hereafter taxed.