282 So.2d 667 (1973)
Ralph M. WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 72-954.
District Court of Appeal of Florida, Second District.
September 14, 1973.
James A. Gardner, Public Defender, and Elliott C. Metcalfe, Jr., Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
LILES, Acting Chief Judge.
Appellant Ralph M. Wilson was charged and convicted by jury of violation of Florida Statute § 800.04, F.S.A. in that he fondled a female child under the age of 14 years in a lewd, lascivious and indecent manner without intention to commit rape.
He now urges that the evidence was insufficient to sustain the jury's verdict and that his motion for acquittal should have been granted. We disagree. The record reveals that the child was 9 years old and testified very clearly and explicitly as to the acts performed by the appellant. It is true there were no corroborating witnesses and the appellant testified in his own behalf, denying all the acts. The jury, however, believed the story as told by the child and since it rather convincingly supports the verdict of the jury, it will not be disturbed by an appellate court.
We are, however, concerned with the sentencing. Florida Statute § 801.041, F.S.A., provides that one convicted under Florida Statute § 800.04, F.S.A., is punishable pursuant to Chapter 801 of the Florida Statutes and, although this was intended in this case, the provisions of Chapter 801 have not been sufficiently complied with. Florida Statute § 801.051, F.S.A., provides as follows:
"When a person has been convicted of an offense within the meaning of this chapter the trial judge shall then appoint not less than two (2) nor more than three (3) qualified psychiatrists who are licensed physicians in the state and who have directed their professional practice primarily to the diagnosis and treatment of mental and nervous disorders for a period of not less than five (5) years, to make a personal examination of the person so convicted. The court shall not proceed under the provisions of this chapter until each psychiatrist so appointed shall have filed a separate written report of the result of his examination."
*668 We believe the language contained in the statute is mandatory. It is clear and unequivocal as to what a trial judge shall do prior to proceeding with sentencing.
It is entirely possible that appellant will not be found to be mentally ill and if that be the case this court is without power to change the sentence.
The legislature obviously recognized when it revised Section 801 that one found guilty of molesting children is in all likelihood mentally ill and should be afforded proper medical attention. The statute looks toward rehabilitation as well as punishment. It is for this reason as well as the clear language of the statute that shall not is mandatory and Chapter 801 must be followed and the offender should not be sentenced until Chapter 801 has been complied with.
Affirmed in part and reversed in part.
McNULTY and BOARDMAN JJ. concur.