282 So.2d 668 (1973)
Patsy WOLF, Appellant,
v.
STATE of Florida, Appellee.
No. 73-198.
District Court of Appeal of Florida, Second District.
September 14, 1973.
James A. Gardner, Public Defender, and Mary Jo M. Gallay, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant, Patsy Wolf, was charged in an information with unlawfully handling and fondling a female child under the age of fourteen years in a lewd and lascivious manner in violation of Florida Statutes, Section 800.04, F.S.A. At the arraignment hearing, with advice of counsel, Mr. Morse, assistant public defender in the *669 Fifth Judicial Circuit, who ably represented appellant, appellant pled guilty to Counts 1, 2, and 3 of a six-count information. The guilty plea was entered knowingly, understandingly, and voluntarily. Appellant was sentenced to the state penitentiary.
We are concerned with the sentencing. One of the points raised on this appeal relates to the trial court's failure to comply with the provisions of Chapter 801, Florida Statutes, F.S.A., The Child Molester Act. Florida Statutes, Section 801.041, F.S.A., provides that one convicted under Florida Statutes, Section 800.04, F.S.A., is subject to the provisions of Chapter 801, supra, and, this court so held in Baker v. State, Fla.App. 1967, 194 So.2d 687, and Baker v. State, Fla.App. 1968, 206 So.2d 441.
Florida Statutes, Section 801.051, F.S.A., provides as follows:
When a person has been convicted of an offense within the meaning of this chapter, the trial judge shall then appoint not less than two (2) nor more than three (3) qualified psychiatrists who are licensed physicians in the state and who have directed their professional practice primarily to the diagnosis and treatment of mental and nervous disorders for a period of not less than five (5) years, to make a personal examination of the person so convicted. The court shall not proceed under the provisions of this chapter until each psychiatrist so appointed shall have filed a separate written report of the result of his examination. (Emphasis supplied).
We interpret and construe the language of the above-quoted statute as being mandatory and not discretionary as is contended by the state. Consequently, in view of the plain, clear language of Section 801.051, supra, the trial court had no alternative but to strictly follow the requirements set forth therein before imposing sentence upon the appellant. See, also, Wilson v. State, Fla. App. 1973, 282 So.2d 667 (Opinion filed September 14, 1973, Second District Court of Appeal).
We have carefully reviewed the other points presented by appellant and find them to be without merit.
For the reasons stated herein we remand the case to the trial court for further proceedings and directions consistent with this opinion.
MANN, C.J., and HOBSON, J., concur.