292 So.2d 426 (1974)
Lester JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 73-443.
District Court of Appeal of Florida, Second District.
March 27, 1974.
James A. Gardner, Public Defender, and Mary Jo M. Gallay, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Guy E. Labalme, Asst. Atty. Gen., Tampa, for appellee.
McNULTY, Judge.
Appellant was charged with committing, but was convicted of attempting to commit, a lewd, lascivious or indecent assault or act upon a child under the age of fourteen years as proscribed by § 800.04, F.S.A. 1971. Such offense is ordinarily punishable as a third degree felony for which a maximum of five years imprisonment is prescribed by F.S. § 775.083, F.S.A. 1971. Appellant was summarily sentenced as a recidivist, however, pursuant to F.S. § 775.084, F.S.A. 1971, and received a maximum term of ten years in state penitentiary. Additionally, it appears, appellant was sentenced absent compliance with the provisions of the Child Molester Act, F.S. Ch. 801, F.S.A. 1971, in that he was so sentenced without having been examined by no less than two nor more than three qualified psychiatrists as is expressly directed by F.S. § 801.051, F.S.A. 1971. Accordingly, while we have concluded from a careful review of the record that the evidence is fully sufficient to support the verdict found and the judgment entered, nevertheless for two reasons the sentence must be set aside.
First, we reiterate that the charge was brought under § 800.04, supra. *427 This offense certainly qualifies as an offense within the meaning of the Child Molester Act, Ch. 801, supra,[1] as does, we believe, the attempt to commit such offense of which appellant was actually found guilty. Therefore, as we held in Wilson v. State[2] and Wolf v. State,[3] it is incumbent upon the trial judge, prior to the imposition of any sentence therefor, that he comply with the provisions of F.S. § 801.051, F.S.A. 1971, et seq., and appoint the required psychiatrists for examination and report. Thereafter, of course, he may direct imprisonment or order commitment to the Division of Corrections of the Department of Health and Rehabilitative Services for treatment and rehabilitation as he may be advised.[4] As noted, this procedure was not followed in this case.
Secondly, concerning the enhanced sentence imposed on appellant as a recidivist, we have most recently held in Wright v. State[5] that such a sentence cannot summarily be imposed without the state having previously proceeded on a separately filed information charging the specific prior offenses upon which recidivism is to be predicated. This, we held, is required by F.S. § 775.11, F.S.A. 1971. It was not done here.
In view of the foregoing therefore, the judgment appealed from must be affirmed; but the sentence entered thereon should be, and it is hereby, vacated and set aside and the cause is remanded for further proceedings not inconsistent herewith.
MANN, C.J., and GRIMES, J., concur.
NOTES
[1] See, § 801.041 which provides as follows:

"Definition of offense. An offense under the provisions of this chapter shall include attempted rape, sodomy, attempted sodomy, crimes against nature, attempted crimes against nature, lewd and lascivious behavior, incest, attempted incest, assault (when a sexual act is completed or attempted), and assault and battery (when a sexual act is completed or attempted), when such acts are committed against, to, with or in the presence of, a person fourteen years of age or under."
[2] (Fla.App.2d, 1973), 282 So.2d 667.
[3] (Fla.App.2d, 1973), 282 So.2d 668.
[4] F.S. section 801.091, F.S.A. 1971.
[5] (Fla.App.2d, 1974), 291 So.2d 118 (Opinion filed March 1, 1974).