GRIMES, Judge.
Appellant, Lester Johnson, contends that he was not afforded a speedy trial. Appellant was convicted of an attempt to commit a lewd, lascivious and indecent assault upon a child under the age of fourteen years. The maximum punishment for this crime was five years imprisonment. The court, however, determined that appellant was a subsequent felony offender under Fla.Stat. § 775.084 (1971) and summarily sentenced appellant to a ten-year term. Upon appeal and at 292 So.2d 426, this court affirmed the judgment but vacated the sentence, holding that the enhanced sentence imposed on appellant as a recidivist could not be imposed without the state having first filed a separate information alleging specific prior offenses upon which recidivism was predicated. We based our ruling upon Fla.Stat. § 775.11 (1971) [repealed by § 66, Chapter 74—383, effective July 1, 1975],
This court’s mandate was received by the trial court on April 18, 1974. On June 25, 1974, an information was filed charging Johnson as a subsequent felony offender. On July 12, 1974, the court issued an order for Johnson’s return from Union Correctional Institution where he was then incarcerated to answer the subsequent felony offender charge. On October 23, 1974, appellant filed a motion to discharge pursuant to RCrP 3.191. The motion was denied the following day. The case was *645 tried by a jury on October 30, 1974, and appellant was convicted.
Appellant contends that the state had to bring him to trial on the charge of being a subsequent felony offender within ninety days of the receipt of the mandate of this court pursuant to RCrP 3.191(g). This rule provides:
“(g) Effect of Mistrial, Order of New Trial. A person who is to be tried again shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time.”
While it is true that had it not been for the mandate there would have been no requirement to have a trial on the charge of recidivism, can it be said that the mandate made possible a new trial? We think not. Johnson had not been tried as a subsequent felony offender before he was sentenced as such. Our previous opinion set aside his sentence for this reason.
The record reflects that appellant was in prison serving sentences imposed in Dade County in 1969 when the information charging him with being a subsequent felony offender was filed. Therefore, pursuant to RCrP 3.191(b)(1), the speedy trial time commenced to run upon the filing of the information. Because appellant was imprisoned, the state had at least one year within which to bring him to trial. The trial was timely, so the motion for discharge was properly denied.
We recognize that the provisions of the speedy trial rule could be construed to reach the opposite result on these particular facts, but we believe that our interpretation is consistent with what the rule is intended to accomplish.
Appellant’s other point on appeal is without merit.
Affirmed.
McNULTY, C. J., and BOARDMAN, J., concur.