GRIMES, Judge.
Appellant was convicted of involuntary sexual battery. He was sentenced to life imprisonment. The only point warranting discussion is whether he should have been examined pursuant to the provisions of the Child Molester Act before he was sentenced.
Where a person is convicted of an offense under the Child Molester Act, it is incumbent upon the trial judge prior to the imposition of sentencing to comply with the provisions of Fla.Stat. § 801.051 (1973). Johnson v. State, Fla.App. 2d, 1974, 292 So.2d 426. In the words of the statute, the issue turns upon whether involuntary sexual battery is “an offense within the meaning” of Chapter 801.
Fla.Stat. § 801.041 (1973) reads as follows:
“801.041 Definition of offense. — An offense under the provisions of this chapter shall include attempted rape, sodomy, attempted sodomy, crimes against nature, attempted crimes against nature, lewd and lascivious behavior, in *366 cest, attempted incest, assault (when a sexual act is completed or attempted), and assault and battery (when a sexual act is completed or attempted), when such acts are committed against, to, with or in the presence of, a person fourteen (14) years of age or under.”
Appellant argues that the Act is not limited to those crimes specifically enumerated and that involuntary sexual battery (formerly rape) is logically a crime intended to be covered by the Act. Thus, he suggests that the words “shall include” in Fla.Stat. § 801.041 (1973) indicate that other crimes of a similar nature may be read into the Act. Johnson v. State, supra, lends some credence to this contention because our court there held that attempted lewd and lascivious behavior was covered by the Act even though it was not specifically enumerated in the definitional statute.
The determination of this question requires us to consider the history of this Act. The Child Molester Act, which was first enacted in 1951, specified rape as one of the offenses to which the Act applied. Included in this Act was a provision which, following the examination of a person convicted of an offense within the meaning of Chapter 801, authorized the court either to commit such person for treatment or rehabilitation, or to impose the sentence otherwise provided by law. The Act was amended in several particulars by Chapter 28151, Laws of Florida 1953. Among the amendments was the elimination of the provision for sentencing to the sentence otherwise provided by law in favor of an authorization to sentence for a term not to exceed twenty-five years. Shortly thereafter, in Copeland v. State, Fla.1954, 76 So.2d 137, the Supreme Court was called upon to consider the effect of this amendment by a defendant who had been convicted of rape in the circuit court and sentenced to death. Copeland contended that since his victim was less than the requisite age his crime was under the Child Molester Act which now provided for a sentence of not over twenty-five years and that the court in which he was committed only had jurisdiction to try capital offenses. The court rejected this argument by holding that since the 1953 bill had sought to amend the penalty provisions of eleven separate statutes without so stating in its title, the amendment failed to meet the requirements of Section 16, Art. Ill of the State Constitution. The court concluded the discussion of this point by stating:
“It is unnecessary to discuss any other crime except that of rape and as applied to rape and the penalty therefor, Chapter 28158, Laws of Florida 1953, violates Section 16, Article III of the State Constitution, and is void and of no effect. Such being the case, the Circuit Court had jurisdiction to try the case and to impose the death penalty upon a verdict of guilty without recommendation for mercy.”
Presumably because of the Copeland decision, the legislature passed Chapter 29923, Laws of Florida 1955, in which rape was specifically eliminated from the enumeration of crimes defined as being within the provisions of the Child Molester Act. The title of this bill stated that its purpose was to exclude the word “rape” from the definition of offenses. While incest and attempted incest were added to the list in later years, the crime of rape remains conspicuous by its absence.
In McKee v. State, Fla.1967, 203 So.2d 321, a defendant who was sentenced to twenty-five years for assault with intent to commit rape argued that the provision of Chapter 801 which permitted him to be sentenced in excess of what he could have otherwise been sentenced for that crime was unconstitutional. He made the same argument advanced in the Copeland case many years before. However, the court held that the defective title of the 1953 amendment had been remedied by a general revision of the law enacted in a subse *367 quent legislative session. Thus, the court stated:
“Our decision in Copeland, supra, was the result of a finding that the act in question was basically deficient in title. We did not declare it unconstitutional because of substance. The action of the Legislature in 1955 via Chapter 29923, Laws of Florida, cured the deficiency of form pointed out in Copeland. This ‘curing’ concept is in accord with the law and policy of our state. As we said in State ex rel. Badgett v. Lee, 156 Fla. 291, 22 So.2d 804, speaking through Mr. Justice Thomas:
‘We adopt the rule that an act, the title of which is insufficient, may become valid by incorporation in a general revision of the laws whether the insufficiency has been adjudicated or not.’ (at 807)
“Clearly, and we indicated the same in Badgett, supra, incorporation in a general revision of the statutes will not cure a particular act of any unconstitutionality of content. As previously stated, however, the deficiency herein was in regard to form or title — not substance or content.”
As a postscript to our historical analysis, it is worthy of note that the twenty-five year penalty provision of Chapter 801 was eliminated by Chapter 71-136, Laws of Florida 1971, whereby the court once again is given the option of sentencing the defendant pursuant to the provisions applicable to the crime of which he was convicted. For further commentary concerning the history of this legislation, see Buchanan v. State, Fla.App. 1st, 1959, 111 So.2d 51.
Appellant makes a plausible argument that the legislature must have intended for rape of a person fourteen years of age or under to be one of the offenses covered by the Child Molester Act. It does seem strange that attempted rape and other sorts of perverted activities involving persons of tender age should be included while the crime of rape is left out. It seems likely that when the legislature passed Chapter 29923, Laws of Florida 1955, and eliminated rape from the definition of offenses, it was trying to save the balance of the Child Molester Act from the effect of the Copeland decision. This was a misconception of the holding in Copeland because once the offending provision was included within the general statutory revision which customarily takes place during each legislative session, the title defect pointed out in Copeland would have no longer been applicable. Rodriguez v. Jones, Fla.1953, 64 So.2d 278. Had the legislature not passed Chapter 29923, even the penalty for rape would have been reinstated under the doctrine of State ex rel. Badgett v. Lee, 1945, 156 Fla. 291, 22 So.2d 804.
The problem we have is that the legislature affirmatively passed a law in which rape was deleted from the list of offenses under the Child' Molester Act. Despite what we may believe, it may be that the legislature did not wish to give those defendants convicted of the most heinous of the crimes defined under the Act the opportunity of obtaining an early release following treatment at a mental hospital. As a court, we believe we would be exceeding our authority to write into the Child Molester Act an offense which the legislature specifically chose to eliminate.
To the extent we have any doubts, they are set at rest by the case of Benson v. Florida Publishing Company, Fla.1972, 262 So.2d 196. There, a minor under the age of sixteen had brought a suit for invasion of privacy against a publishing company alleging that his name had been published as being charged with rape contrary to the provisions of Fla.Stat. § 801.221. This section prohibited the publication of the names of minors charged with sex crimes under the Child Molester Act. Without elaboration, the court looked to Fla.Stat. § 801.041 for the definition of crimes covered by the Child Molester Act and held that *368 rape was not one of the enumerated crimes.
Accordingly, the court below did not err in refusing to order appellant to be examined pursuant to the Child Molester Act.
AFFIRMED.
HOBSON, A. C. J., and SCHEB, J., concur.