GRIMES, Judge.
Appellant complains that the court failed to follow the dictates of the Child Molester Act with respect to his sentencing.
The appellant was charged with sexual battery. He pleaded not guilty. Subsequently, pursuant to negotiations,' he entered a plea of nolo contendere to the charge of committing a lewd and lascivious act involving a child under the age of fourteen. He was adjudicated guilty, and a presentence investigation was ordered. Thereafter, despite the fact that appellant’s crime was one of the offenses specifically enumerated under Section 801.041, Florida Statutes (1975), he was sentenced without reference to the provisions of Chapter 801.
The state suggests that certain psychiatric examinations conducted upon appellant prior to his change of plea constituted substantial compliance with Chapter 801. In the course of pretrial proceedings the court appointed two psychiatrists to examine the appellant for mental competency to stand trial and at the time of the offense. Even though the appellant had not then been convicted, the psychiatrists were also directed to consider whether appellant was a mentally disordered sex offender under Chapter 917. At the hearing, both psychiatrists agreed that appellant was competent to stand trial and competent at the time of the offense. One of the psychiatrists concluded that appellant did not fall within the definition of a mentally disordered sex offender and the other had no opinion on the subject.
Both Chapter 917 and Chapter 801 offer the possibility of rehabilitative treatment to certain persons after conviction. Yet, the standards by which the defendant is to be evaluated under the two chapters appear somewhat different. Chapter 917 requires a finding that the defendant is a mentally disordered sex offender before he can be committed for special treatment. Section 917.19, Florida Statutes (1975). A mentally disordered sex offender is defined as a person who is not insane but has a mental disorder making him dangerous to others because of a propensity to commit sex offenses. Section 917.13, Florida Statutes (1975). Chapter 801 does not specifically require a finding that the defendant pose a threat to others. The fact that a person has been convicted of one of the enumerated crimes under Section 801.041, Florida Statutes (1975) might, but would not necessarily, demonstrate a propensity to commit further sex offenses. Moreover, unlike the provisions of the chapter dealing with mentally disordered sex offenders, Chapter 801 requires that the reports which the examining psychiatrists must submit include the defendant’s social history, criminal record, if any, the circumstances of the offense and the likelihood of repeating the offense. Section 801.061, Florida Statutes (1975).
Strict compliance with the provisions of Chapter 801 has been consistently deemed mandatory. Johnson v. State, 292 So.2d 426 (Fla.2d DCA 1974); Wilson v. State, 282 So.2d 667 (Fla.2d DCA 1973); Wolf v. State, 282 So.2d 668 (Fla.2d DCA 1973); Suddreth v. State, 325 So.2d 458 (Fla.lst DCA 1976). Certainly the same psychiatrists could evaluate the same defendant at the same time for purposes of both chapters, but this was not done here. Before sentencing the appellant for this crime, the court was obligated to have in its hands the reports of the examinations required by Chapter 801.
Accordingly, the sentence is hereby vacated, and the case is remanded for proceedings in compliance with the provisions of Chapter 801 before resentencing. The judgment and minutes of the court should be corrected to reflect appellant’s plea of nolo contendere rather than a plea of guilty.
BOARDMAN, C. J., and SCHEB, J., concur.