BOYD, Justice.
The appellant was convicted in a jury trial of the crime of sexual battery by a person eighteen years of age or older upon a person eleven years of age or younger, a capital felony forbidden by section 794.-011(2), Florida Statutes (1975). The trial court imposed a sentence of life imprisonment without eligibility for parole for twenty-five years. § 775.082(1), Fla.Stat. (1975). The appellant raised the question of the statute’s constitutional validity, which was inherently passed upon when the court rendered the judgment of conviction. We have jurisdiction of the appeal. Art. V, § 3(b)(1), Fla.Const.
The evidence, which consisted of the appellant’s written confession and the testimony of the victim, was sufficient to support the jury’s verdict. Both items of evidence were properly admitted.
The appellant contends that the statute he was convicted of violating is unconstitutionally vague. This issue has been resolved against appellant’s contention. Harrison v. State, 360 So.2d 421 (Fla.1978).
The appellant contends that the provision in section 775.082(1), Florida Statutes (1975), that a person convicted of a capital felony be required to serve no less than twenty-five years before becoming eligible for parole, constitutes cruel or unusual punishment. This issue too has been resolved against the position taken by the appellant. Banks v. State, 342 So.2d 469 (Fla.1976).
The appellant contends that the trial court erred in imposing sentence without complying with the mandatory procedures provided for by former chapter 801, Florida Statutes (1975).[1] We hold that there was no error because sexual battery is not an offense under former chapter 801. It is not among the crimes listed in section 801.041, Florida Statutes (1975), which provides the definition of an “offense under the provisions of this chapter.” See Beatty v. State, 332 So.2d 365 (Fla. 2d DCA 1976).
The appellant’s other points on appeal have been considered and found to be without merit.
The judgment of the circuit court is affirmed.
ENGLAND, C. J., and ADKINS, OYER-TON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.

. Chapter 801 was repealed by chapter 77-312, section 31, Laws of Florida.